Petition for Naturalization.

This petition was filed in this court on the 20th day of November, 1907, and was apparently verified by Giuseppe Silvestri and Alberto Ventri, who made affidavit that they were citizens of the United States and that they had personally known the petitioner to be a resident of the United States for a period of at least five years continuously immediately preceding the date of filing his petition, and of the state of New York for a period of seven years immediately preceding the date of filing said petition, and that to their personal knowledge the petitioner was a person of good moral character, attached to the principles of the Constitution of the United States, and that he was in every way qualified, in their opinion, to be admitted a citizen of the United States. When the cause came on to be finally heard in open court at the expiration of the 90 days prescribed by the statute, the witness Giuseppe Silvestri admitted that he had not known the petitioner for five years antedating the filing of his petition, and could not, therefore, testify to his having resided in the United States during that period of time, or that he was attached to the principles of the Constitution of the United States and otherwise eligible to citizenship as the law requires. The other witness, Alberto Ventri, admitted that he had surrendered his own certificate of citizenship for cancellation, having concluded that it had been procured in violation of law.

Henry L. Stimson, U. S. Atty. (Hugh Govern, Jr., of counsel), for objector.

---

In re O'DEA.

(Circuit Court, S. D. New York. February 25, 1908.)

ALIENS—NATURALIZATION—WITNESSES—POSTING—STATUTES.

Naturalization Act June 29, 1906, c. 3592, § 5, 34 Stat. 598 [U. S. Comp. St. Supp. 1907, p. 423], provides that the clerk, immediately after filing a petition for naturalization, shall give notice thereof by posting, stating the name, nativity, and residence of the alien, the date and place of his arrival

in the United States and of the final hearing of his petition, together with the names of the witnesses whom the applicant expects to summon in his behalf; but, in case such witnesses cannot be produced on the final hearing, other witnesses may be summoned. *Held,* that other witnesses than those verifying the petition may not be examined at the hearing, where their names have not been posted for 90 days prior thereto.

Petition for Naturalization.

The petition came on for final hearing in open court at the expiration of the 90 days prescribed by the statute, when the petitioner represented to the court that he was unable to produce one of the original verifying witnesses, Michael O'Dea, and asked permission to substitute a new witness, named Frank Curran, who was believed to have the requisite qualifications. The representative of the government objected, on the ground that the name of the proposed new witness had not been duly posted.

Henry L. Stimson, U. S. Atty. (Hugh Govern, Jr., of counsel), for objector.

LACOMBE, Circuit Judge. The point is well taken. The naturalization act of June 29, 1906, provides in its fifth section as follows:

"That the clerk of the court shall immediately after filing the petition, give notice thereof by posting in a public and conspicuous place in his office, or in the building in which his office is situated, under an appropriate heading, the name, nativity, and residence of the alien, the date and place of his arrival in the United States, and the date, as nearly as may be, for the final hearing of his petition, and the names of the witnesses whom the applicant expects to summon in his behalf; and the clerk shall, if the applicant requests it, issue a subpœna for the witnesses so named by the said applicant to appear upon the day set for the final hearing, but in case such witnesses cannot be produced upon the final hearing other witnesses may be summoned." Act June 29, 1906, c. 3592, 34 Stat. 598 [U. S. Comp. St. Supp. 1907, p. 423].

The concluding clause of this section, which authorizes the summoning of other witnesses than those who originally verified the petition, must be read in connection with the whole section, and as requiring that the new witness shall have the same qualifications as those described in the first part of the section, including his having stood the test of having his name publicly posted for 90 days. Otherwise one of the safeguards which Congress provided against the naturalization of improper persons would be cast aside. The very object of posting the names of the witnesses is to give the government opportunity for a full investigation conducted by its own officers, without having to depend solely on the cross-examination of persons of whom it never heard until the cause comes up for final disposition. It is unfortunate that the petitioner has been unable to procure the attendance of his original witness; but it is no great hardship for him to wait until the name of the new witness shall have been posted the requisite length of time. It would seem that persons seeking to be naturalized might avoid such delay by filing with their petitions the names and addresses of alias witnesses whom they propose to call in the event of original witness failing to attend.

The proceeding is adjourned accordingly.