### In re SCHATZ.

#### (Circuit Court, D. Oregon. April 7, 1908.)

ALIENS—NATURALIZATION PROCEEDINGS—WITNESSES.

The two witnesses required to be produced by an alien in support of his petition for admission to citizenship by Act June 29, 1906, c. 3592, § 4, 34 Stat. 596 (U. S. Comp. St. Supp. 1907, p. 420), need not be the same persons who verified his petition, nor need they necessarily be the persons noticed as such as required by section 5 (34 Stat. 598 [U. S. Comp. St. Supp. 1907, p. 423]), but if a reasonable showing be made to the court that the applicant is unable to secure the attendance of such witnesses, he may produce or summon others in the ordinary way.

Petition for Naturalization.

John McCourt, U. S. Atty.

WOLVERTON, District Judge. The petitioner, having heretofore filed his application to become a citizen of the United States, at this time applies to the court for his final admission. The question to be determined is whether other witnesses can be substituted at the hearing for those named in the notice which is required to be posted for 90 days prior to the admission of the applicant. The statute (Act Cong. June 29, 1906, c. 3592, § 4, 34 Stat. 596 [U. S. Comp. St. Supp. 1907, p. 420]) requires: (1) That the applicant shall make his declaration of intention to become a citizen. (2) That not less than two years nor more than seven years after he has made such declaration, he shall make and file his application to be permanently admitted to citizenship. Especial provision is made as to what shall be stated in his application. It is further required that the petition shall be verified by the affidavits of at least two credible witnesses, who are citizens of the United States, and who shall state in their affidavits that they have personally known the applicant to be a resident of the United States for a period of at least five years continuously, and of the state, territory, or district in which the application is made for a period of at least one year immediately preceding the date of the filing of his peti-

tion; that they each have personal knowledge that the petitioner is a person of good moral character, and that he is in every way qualified, in their opinion, to be admitted as a citizen of the United States. (3) That the petitioner shall, before he is admitted to citizenship, declare on oath, in open court, that he will support the Constitution of the United States, and that he absolutely and entirely renounces and abjures all allegiance and fidelity to any foreign prince, potentate, etc. (4) That it shall be made to appear to the satisfaction of the court admitting any alien to citizenship that, immediately preceding the date of his application, he has resided continuously within the United States five years at least, and within the state or territory where such court is at the time held one year at least, and that during that time he has behaved as a man of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the same. In addition to the oath of the applicant, the testimony of at least two witnesses, citizens of the United States, as to the facts of residence, moral character, and attachment to the principles of the Constitution is required—the name, place of residence, and occupation of each witness to be set forth in the record.

By section 5 of the act it is required:

"That the clerk of the court shall, immediately after filing the petition, give notice thereof by posting in a public and conspicuous place in his office, or in the building in which his office is situated, under an appropriate heading, the name, nativity, and residence of the alien, the date and place of his arrival in the United States, and the date, as nearly as may be, for the final hearing of his petition, and the names of the witnesses whom the applicant expects to summon in his behalf; and the clerk shall, if the applicant requests it, issue a subpœna for the witnesses so named by the said applicant to appear upon the day set for the final hearing, but in case such witnesses cannot be produced upon the final hearing other witnesses may be summoned."

By this statute the court is constituted the trier of the applicant's fitness to be admitted to citizenship. It determines the facts at issue upon the oath of the applicant and the testimony of at least two other witnesses, citizens of the United States. There is no specific requirement that these witnesses shall be the same as the witnesses verifying the petition; nor do I think that such is the intendment of Congress. Of necessity, when the provisions of the statute relative to the verification of the petition are read in connection with the form of affidavit prescribed, the name, place of residence, and occupation of each of the verifying witnesses are set forth in.the record by an observance of the procedure; and if it was intended that they should also constitute the additional witnesses to be produced at the final hearing, why require that the same matter as it respects such witnesses be again set forth in the record? Furthermore, if it was desired that the same witnesses should perform both functions, namely, verifying the petition and establishing the appropriate facts at the final hearing, it would have been an easy matter for Congress to have said so in short order. But this it has not done. So it seems to me clear that it is not the purpose of the act that the witnesses to be produced at the final hearing shall be the same as those verifying the petition. They may be the same, if convenient, but it is not required that they shall be.

Now, proceeding another step, the statute directs that the clerk shall.

give notice of the filing of the petition, by posting, under appropriate heading, certain matter descriptive of the applicant, and the names of the witnesses whom the applicant expects to summon in his behalf on the final hearing of the petition. The purpose of this provision is, it seems to me, to insure publicity of the proceeding, and, among other things, to inform the public as to the names of the witnesses by whom the applicant expects to establish his right to be admitted to citizenship, and of course the act contemplates that, in the usual course, such witnesses shall be called at the final hearing. The law, however, has anticipated that it may happen, as it often does in judicial investigations, that the witnesses desired cannot be produced, in which event it has provided that other witnesses may be summoned. In the ordinary course, the fact that the witnesses noticed could not be produced would not be developed until after the posting of the notice, and probably until shortly before, or at the day of trial. In such event, the inquiry is, in what manner shall the other witnesses be summoned —in the regular way, and if need be by aid of subpœna, or by posting the names for 90 days, and then compelling attendance? It must be admitted that if the latter procedure were designed, it would be very cumbersome, and might result in defeating the applications of worthy persons for citizenship, and I do not think that such is the intendment of the law; but that, when it is made to appear by reasonable showing that the applicant is unable to secure the attendance at the final hearing of the witnesses noticed, he may then summon other witnesses in the ordinary way, by securing their attendance through request, or requiring them to appear by the aid of a subpœna, that he may establish his cause. I do not see how the government can be prejudiced by such a practice, and it is clearly in consonance with the plainest and simplest interpretation of the statute. I do not overlook the fact that the law has been otherwise construed (In the Matter of the 'Petition of Joseph O'Dea for Admission to Citizenship, 158 Fed. 703, decided in the Southern district of New York); but, from a careful survey of the whole act, I am unable to concur in the view there expressed. The applicant, however, should make every reasonable effort to produce the witnesses noticed; and it is only in the event of having failed of his purpose after making such reasonable effort, that he will be permitted to summon other witnesses. The record should be made to show the facts in such an exigency.

The petitioner will be admitted to citizenship.