# UNITED STATES *v.* DALY.

NATURALIZATION; WITNESSES.

The posting for ninety days of the names of witnesses in support of an application for naturalization is a condition precedent to the qualification of the witnesses to testify; and if one of such witnesses fails to appear or to qualify at the hearing or at a postponement thereof, the applicant cannot substitute another witness, unless the name of such substituted witness has been posted for the requisite period of ninety days. (Construing act of Congress of June 29, 1906, 34 Stat. at L. 596, chap. 3592, secs. 4–6, U. S. Comp. Stat. Supp. 1907, p. 420.)

No. 1971. Submitted January 7, 1909. Decided February 2, 1909.

HEARING on an appeal by the United States from an order of the Supreme Court of the District of Columbia admitting an applicant for naturalization to citizenship.        *Reversed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from a judgment of the supreme court of the District of Columbia admitting the appellee, Thomas Daly, to citizenship. On June 30, 1908, appellee filed his petition for naturalization, together with his declaration of intention to

become a citizen of the United States. The case came on for hearing after the expiration of ninety days, as prescribed by the statute. The hearing was continued for the reason that one of the two witnesses appellee produced failed to qualify under the statute, it appearing that he had not known appellee the requisite number of years to make him competent to testify on that subject. On November 2, 1908, less than thirty days from the original hearing, appellee again appeared with two witnesses, one of whom was substituted in lieu of the witness who had formerly disqualified. This witness was sworn and examined in open court, after which counsel for the government objected to the admission of appellee, Daly, to citizenship on the ground that the last witness was substituted for the disqualified witness, and his name had not been posted for ninety days as required by statute. The objection was overruled, and appellee was admitted to citizenship. From the judgment entered therein, this appeal was taken.

*Mr. Daniel W. Baker,* United States Attorney for the District of Columbia, and *Mr. James A. Cobb,* Special Assistant to the United States Attorney, for the District of Columbia.

There was no appearance for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

The act of Congress of June 29, 1906, under which these proceedings were instituted, provides, among other things, in the 4th section thereof, that "the petition shall also be verified by the affidavits of at least two credible witnesses who are citizens of the United States, and who shall state in their affidavits that they have personally known the applicant to be a resident of the United States for a period of at least five years continuously, and of the State, Territory, or district in which the application is made for a period of at least one year immediately preceding the date of the filing of his petition, and that they each have

personal knowledge that the petitioner is a person of good moral character, and that he is in every way qualified, in their opinion, to be admitted as a citizen of the United States." [34 Stat. at L. 596, chap. 3592, U. S. Comp. Stat. Supp. 1907, p. 420.]

Sec. 5 provides "that the clerk of the court shall, immediately after filing the petition, give notice thereof by posting in a public and conspicuous place in his office, or in the building in which his office is situated, under an appropriate heading, the name, nativity, and residence of the alien, the date and place of his arrival in the United States, and the date, as nearly as may be, for the final hearing of his petition, and the names of the witnesses whom the applicant expects to summon in his behalf; and the clerk shall, if the applicant requests it, issue a subpœna for the witnesses so named by the said applicant to appear upon the day set for the final hearing, but in case such witnesses cannot be produced upon the final hearing, other witnesses may be summoned."

Sec. 6, among other things, provides "that petitions for naturalization may be made and filed during term time or vacation of a court, which shall be docketed the same day as filed, but final action thereon shall be had only on stated days, to be fixed by rule of the court; and in no case shall final action be had upon a petition until at least ninety days have elapsed after filing and posting the notice of such petition."

The provisions of this statute are clear and unambiguous. It requires that, on filing the original petition, applicant must accompany it with the names of two witnesses capable of testifying to the fact of the applicant's residence in the United States for at least five years, and in the State, Territory, or district for one year, and of the good moral character of the applicant. It also specifically requires that the names of such witnesses shall be posted in a public place for ninety days prior to the hearing. This is a condition precedent to the qualification of a witness to testify in a naturalization proceeding. The object Congress had in mind undoubtedly was to correct serious abuses that had grown up under the original naturalization acts, where applicants for admission to citizenship came into court and presented

their witnesses without notice and without any opportunity on the part of the officers of the government to look into either the merits of the case or the qualifications of the witnesses. The object in the present act in requiring the posting of notice containing material facts relative to the applicant's previous history, and the names of the witnesses upon which he expects to rely to sustain his right to admission to citizenship, is for the purpose of giving the officers of the government an opportunity to inquire not only into the right of the applicant to be admitted to citizenship, but into the character and qualifications of his witnesses. These are proper, reasonable, and just restrictions; and they are jurisdictional to the entry of a valid judgment in a naturalization proceeding. All of these requirements must be strictly complied with before the court can enter a valid judgment.

But it is contended that this requirement of the statute only applies to the original witnesses, and that if, upon hearing, one or both of the original witnesses should fail to qualify, other witnesses may be substituted, without notice, to testify as to the applicant's qualifications for admission to citizenship. With this contention we do not agree. A case involving this precise point arose in the United States circuit court of the southern district of New York. *Re O'Dea,* 158 Fed. 703. In that case the petition came on for hearing at the expiration of ninety days after notice of the same had been posted, and the applicant was unable to produce one of the original witnesses. He asked permission to substitute a new witness who was believed to have the requisite qualifications. Counsel for the government objected on the ground that the name of the proposed new witness had not been posted as required by law. The court, referring to sec. 5 of the act here under consideration, said: "The point is well taken. The concluding clause of this section, which authorizes the summoning of other witnesses than those who originally verified the petition, must be read in connection with the whole section, and as requiring that the new witness shall have the same qualifications as those described in the first part of the section, including his

having stood the test of having his name publicly posted for ninety days. Otherwise one of the safeguards which Congress provided against the naturalization of improper persons would be cast aside. The very object of posting the names of the witnesses is to give the government opportunity for a full investigation conducted by its own officers, without having to depend solely on the cross-examination of persons of whom it never heard until the cause comes up for final disposition. It is unfortunate that the petitioner had been unable to procure the attendance of his original witness, but it is no great hardship for him to wait until the name of the new witness shall have been posted the requisite length of time. It would seem that persons seeking to be naturalized might avoid such delay by filing with their petitions the names and addresses of alias witnesses whom they propose to call in the event of the original witness failing to attend."

With the views expressed in this opinion we fully agree. To hold otherwise would furnish an avenue through which one of the chief safeguards of the law could be evaded. It would place it within the power of a designing applicant to escape giving notice of his witnesses altogether. He could, on filing his petition, give the names of two witnesses whom he knew could not qualify, or whom he had no intention of having present at the hearing, and at the trial produce substitutes unknown to the court or the officers of the government, and thereby secure his admission by totally evading one of the most material requirements of the statute. This law was evidently intended to throw every protection possible around the government, to prevent, if possible, disqualified aliens from becoming citizens; and it is the duty of the courts to hold applicants to a strict compliance with its provisions.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with the views herein expressed. *Reversed.*