In re NEUGEBAUER.

(District Court, W. D. Pennsylvania. October 11, 1909.)

No. 1,388.

ALIENS (§ 68*)—NATURALIZATION—WITNESSES—HEARING—POSTPONEMENT.

The naturalization act (Act Cong. June 29, 1906, c. 3592, § 5, 34 Stat. 598 [U. S. Comp. St. Supp. 1907, p. 423]) provides that the clerk immediately after filing a petition for naturalization shall give notice thereof by posting in a conspicuous place in his office or in the building in which his office is situated the name, nativity, and residence of the alien, the date and place of his arrival in the United States, and the date as nearly as may be of the final hearing of his petition, and the names of the witnesses whom the applicant expects to summon in his behalf, and the clerk shall, if the applicant requests it, issue a subpœna for the witnesses so named by the applicant to appear on the day set forth in the final hearing, but, in case such witness cannot be produced on the final hearing, others may be summoned, and section 6 declares that in no case shall final action be had on a petition until at least 90 days have elapsed after filing and posting the notice. *Held*, that the subpœna referred to in section 5 was the ordinary subpœna ad testificandum; and hence, where one of an alien's witnesses specified in the published notice could not be produced, the petitioner could substitute another witness whose name had not been posted without postponing the hearing until the name of such witness could be posted for 90 days.

[Ed. Note.—For other cases, see Aliens, Dec. Dig § 68.*]

Application for citizenship by Ignatz Neugebauer, to which the United States filed objections. Objections overruled, and application granted.

Palmer S. Chambers, for the United States.

ORR, District Judge. On September 28, 1909, Ignatz Neugebauer applied to the court for naturalization at the time fixed for final hearing. Prior to that time he had complied with the requirements of the naturalization laws of the United States. He had previously appeared before the clerk with two witnesses, and the clerk had posted in a public and conspicuous place in the building in which his office is situated, under an appropriate heading, the name, nativity, and resi-

dence of the alien, the date and place of his arrival in the United States, and the date, as nearly as could be, for the final hearing of the applicant's petition, and the names of such witnesses whom the applicant expected to summon in his behalf. At the time of the hearing the applicant appeared with only one of the witnesses named in such notice, and gave evidence that one of the witnesses was sick and could not attend the hearing, that he was also in the state of Ohio, and that he had informed his sister who lived in this district by letter that he did not intend to return, but would take employment where he was located after his recovery from illness. The applicant asked leave to substitute another witness in place of the witness who could not attend the hearing. This request of the applicant was opposed on behalf of the government, unless the hearing should be postponed in order that the name of the substituted witness could be posted for 90 days, because of the provision in the sixth section of the naturalization act (Act June 29, 1906, c. 3592, 34 Stat. 598 [U. S. Comp. St. Supp. 1907, p. 423]), which provides that "in no case shall final action be had upon a petition until at least ninety days have elapsed after filing and posting and notice of such petition," and because the representative of the United States believed that there would not be a proper notice in accordance with section 5 of said act, to which we will hereafter refer, unless the name of such substituted witness appeared in said notice. The position of the United States does not appear to be sound.

Section 5 of said act is as follows, the latter portion being italicized:

"That the clerk of the court shall, immediately after filing the petition, give notice thereof by posting in a public and conspicuous place in his office, or in the building in which his office is situated, under an appropriate heading, the name, nativity and residence of the alien, the date and place of his arrival in the United States, and the date, as nearly as may be, for the final hearing of his petition, and the names of the witnesses whom the applicant expects to summon in his behalf; *and the clerk shall, if the applicant requests it, issue a subpœna for the witnesses so named by the said applicant to appear upon the day set for the final hearing, but in case such witnesses cannot be produced upon the final hearing other witnesses may be summoned.*"

The mode provided in that section for the compelling of witnesses to appear in court is the ordinary mode with which all are familiar. The subpœna, which may issue upon the request of the applicant, is, of course, the writ of subpœna ad testificandum, and is a judicial writ requiring the persons named in it to appear on a certain day in court in order to testify under a certain penalty in case of disobedience. The time at which the witnesses are to appear is the time fixed in the notice for the final hearing, and the time contemplated by the act in which another witness may be substituted and summoned is the time fixed for final hearing. It is not contemplated by the act that there should be two final hearings. That provision in the act was intended for just such a case as the present. The framers of the act must have had in view the liability to sickness and death and temporary or permanent absence from the district of one or both of the witnesses named in the notice at the time fixed by the notice for the final hearing. This view of the law does not limit the opportunities of the government to procure information as to the character, residence, and purpose of the

applicant in any case. The production of the original witnesses affords sufficient opportunity to the representatives of the government to ascertain what they would desire to know.

The reasoning of Judge Lacombe in the Matter of the Petition of Joseph O'Dea (in the Circuit Court for the Southern District of New York) 158 Fed. 703, does not appeal to me with great force. His suggestion that persons seeking naturalization could file with their petitions the names and addresses of alias witnesses, whom they propose to call in the event of the failure of an original witness to attend, does not appeal to me. Such course would unnecessarily increase the burdens of the clerk, and would tend to compel the unnecessary attendance before him of persons who might never be called upon at final hearing. Cases like the present seldom arise, and it was for such cases that the proviso in said section was enacted.

The applicant, having in all respects complied with the law, was entitled to citizenship.