UNITED STATES v. DOYLE.

(Circuit Court of Appeals, Seventh Circuit. April 19, 1910.)

No. 1,641.

ALIENS (§ 68*)—PROCEEDINGS FOR NATURALIZATION—QUALIFICATIONS OF WITNESSES.

Under Naturalization Act June 29, 1906, c. 3592, §§ 4, 5, 34 Stat. 596, 598 (U. S. Comp. St. Supp. 1909, pp. 478, 480), which provide that an applicant's petition for naturalization shall be verified by the affidavits of at least two credible witnesses who are citizens of the United States, that on the hearing the testimony of at least two witnesses who are citizens of the United States shall be required to the fact of residence, etc., and that on the filing of the petition the clerk shall give notice by posting of the filing thereof and of the names of the witnesses whom the applicant expects to summon in his behalf, "but in case such witnesses cannot be produced, upon the final hearing other witnesses may be summoned," the witnesses at the final hearing are not required to be the same who verified the petition, nor is the applicant limited to those whose names are given in the posted notice, but in case they, or either of them, "cannot be produced," he may summon others, subject to the right of the court to make whatever orders may be deemed necessary to enable the government to investigate as to their qualifications, character, and credibility.

[Ed. Note.—For other cases, see Aliens, Dec. Dig. § 68.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from the District Court of the United States for the Eastern District of Wisconsin.

Proceedings for naturalization by Cornelius Doyle. From an order admitting the applicant to citizenship, the United States appeals. Affirmed.

E. J. Henning and Edward W. Sims, U. S. Atty., for the United States.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

BAKER, Circuit Judge. This appeal, taken from an order admitting the alien-born appellee to citizenship, involves the construction of those parts of the naturalization act of June 29, 1906 (34 Stat. 596, c. 3592 [U. S. Comp. St. Supp. 1909, p. 478]), which bear upon the qualifications of the witnesses presented at the final hearing.

In section 4 it is provided that the verified petition of the alien "shall also be verified by the affidavits of at least two credible witnesses who are citizens of the United States and who shall state in their affidavits that they have personally known the applicant to be a resident of the United States for a period of at least five years continuously, and of the state, territory, or district in which the application is made for a period of at least one year immediately preceding the date of the filing of his petition, and that they each have personal knowledge that the petitioner is a person of good moral character, and that he is in every way qualified, in their opinion, to be admitted as a citizen of the United States."

By section 5 it is made the duty of the clerk, immediately after filing the petition, to post a notice thereof and of "the date, as nearly as may be, for the final hearing, and the names of the witnesses whom the applicant expects to summon in his behalf; and the clerk shall, if the applicant requests it, issue a subpœna for the witnesses so named by the said applicant to appear upon the day set for the final hearing, but in case such witnesses cannot be produced upon the final hearing other witnesses may be summoned."

Section 6 provides, among other things, that "petitions for naturalization may be made and filed during term time or vacation of a court, which shall be docketed the same day as filed, but final action thereon shall be had only on stated days, to be fixed by rule of court, and in no case shall final action be had upon a petition until at least ninety days have elapsed after filing and posting notice of such petition."

Other provisions are that "every final hearing upon such petition shall be had in open court" (section 9), and that "in addition to the oath of the applicant, the testimony of at least two witnesses, citizens of the United States, as to the facts of residence, moral character, and attachment to the principles of the Constitution, shall be required, and the name, place of residence and occupation of each witness shall be set forth in the record."

Appellee's petition confessedly met all requirements. As the witnesses whom appellee expected to summon to be present at the final hearing he gave to the clerk, and the clerk duly posted, the names of the men who verified the petition. Before the time set for the

final hearing one of the men moved from the district. At the hearing the remaining man was produced and heard as a witness. Appellee was permitted, over the government's objection, to use as a witness a citizen of the United States whose name was neither in the petition nor notice.

For reversal, the propositions are that no witnesses in behalf of the applicant may be heard at the final hearing except those who verified the petition, and in no event witnesses whose names have not been posted for at least 90 days. The cases of In re O'Dea (C. C.) 158 Fed. 703, United States v. Daly, 32 App. D. C. 525, and United States v. Santi Martorana, 171 Fed. 397, 96 C. C. A. 353, are cited. The last is concerned with the validity and amendableness of a petition not verified by at least two witnesses possessed of the qualifications required by section 4. The other two lend support to the government's contentions.

Section 5 does not explicitly say that the witnesses whom the applicant expects to summon for the final hearing shall be the witnesses who verified his petition. If that had been the legislative intent, we might well expect to find it expressed in direct terms. All the implications from the whole statute we think are the other way. If witnesses at the hearing had to be attesting witnesses, there would be no necessity for giving their names and having them posted, for notice of the petition carries notice of its contents and the District Attorney or other interested parties could get the names from the petition. The requirement that the names of the witnesses who testify at the hearing should be set forth in the record would be supererogatory, because the petition was already a part of the record. Witnesses at the hearing must be prepared to give affirmative testimony concerning the applicant's attachment to the principles of the Constitution. Attesting witnesses need give only their opinion that the applicant is in every way qualified to be admitted as a citizen. It would not be perjury for attesting witnesses to base their opinions on facts which included no knowledge, or only negative knowledge, of the applicant's attachment to the principles of the Constitution. Our conclusion is that witnesses at the hearing need not be limited to those who verified the petition.

Is the court forbidden to hear a witness whose name has not been posted for at least 90 days? When the time set for the hearing arrives, must the proceeding virtually be started anew? We find no express command. The contrary we think is the only inference that can fairly be drawn from the explicit provision that if the posted witnesses "cannot be produced upon the final hearing other witnesses may be summoned." For 90 days the government's representatives have had the opportunity to investigate the applicant and his sponsors named in petition and notice. If a posted witness is not present, the applicant has the burden of satisfying the court that he cannot be produced. If any suspicion should arise that the posted witnesses had been run off, or that the tendered witnesses were not reliable, the court, on motion, should allow the government ample time in which to investigate, and a denial might be deemed an abuse of dis-

179 F.—44

cretion, for which a naturalization order should be reversed. But we conclude that no adequate ground exists for challenging the jurisdiction of the court to proceed with the cause at the time set and to hear substitute witnesses who are citizens of the United States. See In re Schatz (C. C.) 161 Fed. 237; In re Neugebauer (D. C.) 172 Fed. 943.

The order is affirmed.