## UNITED STATES v. POSLUSNY.

(Circuit Court of Appeals, Second Circuit. June 14, 1910.)

### No. 278.

ALIENS (§ 68*)—NATURALIZATION—TIME.

Rev. St. § 2168, as amended by Act Cong. June 29, 1906, c. 3592, § 4, 34 Stat. 596 (U. S. Comp. St. Supp. 1909, p. 480), provides that when an alien, who has declared his intention to become a citizen of the United States, dies before he is actually naturalized, his widow and minor children, by complying with the other provisions in the act, may be naturalized without making any declaration of intention. *Held* that, where an alien declared his intention to become a citizen July 31, 1889, and died March 6, 1892, without having been admitted to citizenship, petitioner, his son, who came to the United States April 25, 1891, when between eight and nine years of age, and filed a petition for naturalization on April 22, 1909, three years after the passage of Act June 29, 1906, was not guilty of such laches as barred his right to citizenship, though he delayed his application for six years and five months after he became of age, and for nine years and five months after he became eighteen, when he could have first taken the required oaths.

[Ed. Note.—For other cases, see Aliens, Dec. Dig. § 68.*

Citizenship under state and federal laws, see note to City of Minneapolis v. Reum, 6 C. C. A. 37.]

Appeal from the District Court of the United States for the Southern District of New York.

Leo Poslusny was admitted to citizenship, and the United States appeals. Affirmed.

Henry A. Wise, U. S. Atty. (Addison S. Pratt, Asst. U. S. Atty., of counsel), for the United States.

Walter A. Hirsch, for appellee.

Before COXE and WARD, Circuit Judges, and HAZEL, District Judge.

COXE, Circuit Judge. The question at issue is a simple one. Leo Poslusny was born in Austria, November 24, 1881, and came to this country April 25, 1891, when he was between nine and ten years of age. On April 22, 1909, he petitioned for naturalization, based upon a declaration of intention filed by his father July 31, 1889, and was admitted to citizenship July 22, 1909, pursuant to the provisions of section 4 of the act of June 29, 1906 (34 Stat. 596, c. 3592 [U. S. Comp. St. Supp. 1909, p. 480]). His father died March 6, 1892. The appellee's application was made less than three years from the date of the passage of the amended naturalization act, and the sole question is, was this an unreasonable delay?

Section 2168 of the Revised Statutes (U. S. Comp. St. 1901, p. 1332) was in force until June 29, 1906, and provided as follows:

"When any alien, who has complied with the first condition specified in section twenty-one hundred and sixty-five, dies before he is actually naturalized, the widow and the children of such alien shall be considered as citizens of the United States, and shall be entitled to all rights and privileges as such, upon taking the oaths prescribed by law."

It was conceded at the argument that had this section remained on the statute book unamended the appellee could have become a citizen at any time upon taking the oath prescribed by law; in short, that after the appellee became of age no limitation whatever was set upon his right to take these oaths.

The act of 1906 amended the provision of the Revised Statutes, quoted above, as follows:

"When an alien who has declared his intention to become a citizen of the United States dies before he is actually naturalized, the widow and minor children of such alien may, by complying with the other provisions of this act, be naturalized without making any declaration of intention."

Here, too, there is no express limitation as to the time when the applicant must take the oaths of allegiance and renunciation and comply with the other provisions of the act. But it is contended by the appellant:

"That in view of the many opportunities of which the appellee could have availed himself to become naturalized in one manner or another under the provisions of the Revised Statutes prior to the act of June 29, 1906, he has, by delaying until six years and five months after he became of age and nine years and five months after he became eighteen, when he could first have taken the oaths, waited too long before applying for naturalization, and has by such delay evidenced an intention of repudiating the status of a naturalized citizen which was impressed upon him by his father's death."

We are unable to give our assent to this contention. Under the Revised Statutes delay could not deprive the appellee of his rights; he was, therefore, under no compulsion to take the oaths until the amendment of 1906. Assuming that this act required that he should comply with "the other provisions" within a reasonable time—and as to this we express no opinion—we think that by filing his petition less than three years after the passage of the act he is clearly within its provisions.

Order affirmed.