UNITED STATES v. OJALA.

(Circuit Court of Appeals, Eighth Circuit. October 11, 1910.)

No. 3,310.

ALIENS (§ 68*)—NATURALIZATION—PROCEEDINGS—WITNESSES—POSTING..

Act Cong. 29, 1906, c. 3592, 34 Stat. 596 (U. S. Comp. St. Supp. 1909, p. 477), relating to the naturalization of aliens, requires a petition, signed and verified by two credible witnesses, certifying to the character, etc., of the applicant. Section 5 requires notice of the petition to be posted by the clerk, with the names of the witnesses whom the applicant expects to summon in his behalf, and requires the clerk, if the applicant request it, to issue a subpœna for witnesses so named by the applicant to appear on the day set for hearing, but, in case such witnesses cannot be produced on the final hearing, other witnesses may be summoned. *Held*, that, where the court on final hearing is satisfied that one or more of the posted witnesses cannot be produced by the petitioner, the court may then order other witnesses to be summoned at the request of the applicant and accept their testimony.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 141; Dec. Dig. § 68.*

Citizenship under state and federal laws, see note to City of Minneapolis v. Reum, 6 C. C. A. 37.]

In Error to the Circuit Court of the United States for the District of Minnesota.

Petition by James Ojala for naturalization as a citizen of the United States. From a decree in favor of the petitioner, the United States brings error. Affirmed.

Charles C. Houpt, for the United States.

Before HOOK and ADAMS, Circuit Judges, and REED, District Judge.

ADAMS, Circuit Judge. This is a writ of error prosecuted by the United States to secure a review of an order of the Circuit Court admitting James Ojala to citizenship.

Section 4 of the act entitled "An act to establish a Bureau of Immigration and Naturalization, and to provide for a uniform rule for the naturalization of aliens throughout the United States," approved June 29, 1906 (34 Stat. 596, c. 3592 [U. S. Comp. St. Supp. 1909, p. 477]), requires an applicant for citizenship to file, with the clerk of some court having jurisdiction over the subject of naturalization, a petition in writing, signed and sworn to by him, setting forth many facts concerning his personal history, his beliefs, affiliations, and intentions. The petition must be verified by two credible witnesses, who are required in their affidavits to state—

"that they have personally known the applicant to be a resident of the United States for a period of at least five years continuously, and of the state, territory, or district in which the application is made for a period of at least one year, immediately preceding the date of the filing of his petition, and that they each have personal knowledge that the petitioner is a person of good moral character, and that he is in every way qualified, in their opinion, to be admitted as a citizen of the United States."

Section 5 provides:

"That the clerk of the court shall, immediately after filing the petition, give notice thereof by posting in a public and conspicuous place in his office, or in the building in which his office is situated, under an appropriate heading, the name, nativity, and residence of the alien, the date and place of his arrival in the United States, and the date, as nearly as may be, for the final hearing of his petition, and the names of the witnesses whom the applicant expects to summon in his behalf; and the clerk shall, if the applicant requests it, issue a subpœna for the witnesses so named by the said applicant to appear upon the day set for the final hearing, but in case such witnesses cannot be produced upon the final hearing other witnesses may be summoned."

It is admitted by the government that the proceedings leading up to the final hearing of Ojala's petition conformed in all respects to the requirements of the act. In other words, he had filed a petition setting forth all the facts required by the law to be stated, duly verified by him and by at least two credible witnesses who were citizens of the United States. This petition had been filed with the clerk of the court, and the clerk had given notice thereof as required by law, and had posted in connection with that notice names of witnesses whom the applicant then gave as those whom he expected to summon at final hearing.

The only complaint now made by the government is, when it appeared at final hearing that one of the witnesses whose name had been posted by the clerk, as required by section 5, could not be produced, the court permitted the applicant to call a witness whose name had never been posted to testify in his behalf. This witness was in all respects duly qualified, unless the fact that his name had never been posted by the clerk amounted to a disqualification. Did that amount to a disqualification?

Except for the fact that other courts for whose wisdom and learning we have great respect have taken a different view of this question (In re O'Dea [C. C.] 158 Fed. 703; and United States v. Daly, 32 App. D. C. 525), we should without hesitation affirm the ruling of the trial court. Section 5 of the act commands the clerk to post "the names of the witnesses whom the applicant expects to summon in his behalf," and whose names the applicant has given to him for that purpose. In case the witnesses so named cannot be produced at the final hearing, "other witnesses may be summoned." The named witnesses are to be subpœnaed by the clerk "if the applicant requests it."

We thus find, not only no express requirement that witnesses whose names had not been posted by the clerk should not be summoned for the final hearing, but, on the contrary, the intendment of the statute appears to us to be clearly otherwise. If it had required the names of the two vouching witnesses to be posted by the clerk, as appears to be assumed in the opinion in United States v. Daly, supra, or if there was any requirement that the vouching witnesses should be present and testify at the hearing, some support might be found for the government's contention; but such does not appear to be the case. The scheme of the statute is to secure in the petition for naturalization as much accurate information as possible concerning the applicant, and after publication and an opportunity to verify the same for 90 days to have a hearing in open court, with a representative of the government in attendance, if desired. If the applicant is able to produce the witnesses for the final hearing whose names he gave 90 days before to the clerk, it is his duty to do so. A reasonable and conscientious effort to do this must be made. It is only when the witnesses whose names are posted *"cannot* be produced" that other witnesses may be summoned. The court alone upon due inquiry can order the summons for other witnesses, and ought not to do so until it becomes satisfied that all reasonable effort has been made to produce the posted witnesses.

Adjourning the hearing for 90 days or more, and requiring the applicant to give additional names to the clerk for further posting, a remedy suggested in the O'Dea Case, is not very persuasive. That course might possibly result in the mere repetition of the original dilemma. Suffice it for us to say Congress has not thus legislated. On the contrary, it is said:

"In case such witnesses [whom the applicant said he expected to summon and whose names were given to the clerk for that purpose] cannot be produced upon final hearing other witnesses *may be* summoned."

· No qualification or limitation is put upon this provision by Congress, and we do not feel at liberty to do so ourselves. The conclusion reached by us is in harmony with that reached by Wolverton, District Judge, in Re Schatz (C. C.) 161 Fed. 237, whose able and discriminating opinion is referred to.

The judgment is affirmed.