UNITED STATES v. NEUGEBAUER.

(Circuit Court of Appeals, Third Circuit. May 5, 1911.)

No. 56 (1396).

ALIENS ☞68—NATURALIZATION—REVIEW OF PROCEEDINGS.

The Circuit Court of Appeals has no jurisdiction of a writ of error sued out by the United States to review a decree admitting an alien to citizenship.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 138–145; Dec. Dig. ☞68.]

In Error to the District Court of the United States for the Western District of Pennsylvania; Charles P. Orr, Judge.

Application for citizenship by Ignatz Neugebauer. The application was granted (172 Fed. 943), and the United States brings error. Writ of error dismissed.

John H. Jordan and Harry S. Lydick, both of Pittsburgh, Pa., for the United States.

Before GRAY, BUFFINGTON, and LANNING, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below Ignatz Neuge-bauer, the defendant in error, was on his petition admitted to citizen-

ship, and from such decree the United States sued out this writ of error.

The question of this court's jurisdiction is now raised, it being contended there is no statutory authority for the United States suing out such writ. This question was considered by this court in United States v. Martorana, 171 Fed. 397, 96 C. C. A. 353; but inasmuch as it was raised by ourselves, and we had not the benefit of argument, the case was decided on the merits. In the present case our jurisdiction is challenged, and the question of jurisdiction has since then been decided adversely in United States v. Dolla, 177 Fed. 101, 100 C. C. A. 521, 21 Ann. Cas. 665. Although decided more than a year ago, no effort has been made by the government to attempt to review that case in the Supreme Court.

In view of the weight of the reasoning of that opinion, and the desirability of conformity, for it would be exceedingly unfortunate, if a right of review should exist in one circuit and be denied in another, we have decided to follow the Circuit Court of Appeals of the Fifth Circuit in that case, and accordingly we dismiss this writ of error for want of jurisdiction.