## In re CORETTO.

(District Court, E. D. New York. June 16, 1914.)

ALIENS (§ 68*)—NATURALIZATION—WITNESSES—NONPOSTED WITNESS.

Naturalization Act (Act June 29, 1906, c. 3592, 34 Stat. 596 [U. S. Comp. St. Supp. 1911, p. 529]) § 4, par. 2, provides that the petition shall be verified by two credible witnesses and paragraph 4 declares that it shall be made to appear to the satisfaction of the court that the alien has resided, etc., and, in addition to the applicant's oath, the testimony of at least two witnesses, citizens of the United States, shall be given as to the facts, and the name, place of residence, and occupation of each witness entered

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

215 F.—12

on the record. Section 5 provides for the filing and posting of notice containing the names of the witnesses whom the applicant expects to summon in his behalf, and that the clerk, if the applicant requests it, shall issue a subpœna for the witnesses so named to appear on the day set for the final hearing; but, in case the witnesses cannot be produced on the final hearing, other witnesses may be summoned. Section 6 declares that final action on the petition shall be had only on stated days and not until at least 90 days have elapsed for filing and posting the notice, and section 9, that on the final hearing the applicant and witnesses shall be examined under oath. By section 11 the United States is authorized to appear and cross-examine the petitioner and the witnesses produced in support of his petition and to produce evidence and be heard in opposition to the granting of the petition. *Held,* that where one of the witnesses whose name was posted in support of the petition had returned to Italy at the time of the hearing, and therefore could not be produced and sworn and could not be obtained after a reasonable adjournment, the petitioner was entitled to support his petition by the testimony of other witnesses.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 138–145; Dec. Dig. § 68.*]

Application by Angelo Coretto for naturalization. On objections to the issuance of a final certificate. Certificate granted.

William J. Youngs, U. S. Atty., and Reuben Wilson, Asst. U. S. Atty., both of Brooklyn.

Angelo Coretto, in pro. per.

CHATFIELD, District Judge. The petition was filed on March 5, 1914, by Angelo Coretto, with the statement that the names of the witnesses to be called were Giuseppi Cogliana and Cosimo Cavalluzzo. These two men at the time verified the usual affidavit to accompany the petition, and their names were posted for the 11th day of June, 1914, upon which date the case was called for hearing. Cogliana appeared and was examined, but Cavalluzzo is in Italy, and the petitioner was therefore unable to produce him or to subpœna him under section 5 of the statute. He therefore summoned or asked that the court summon Pietro Iannace, of No. 411 Liberty avenue, Brooklyn, N. Y., who was sworn and testified and proved to have known the applicant in a satisfactory way for the necessary period.

The United States had previously examined Cogliano and found that he was a competent witness and possessed the necessary qualifications of knowledge with respect to the petitioner.

The Naturalization Examiner made no request for further time to investigate the truth of the statements by Iannace, and no defect in any way with respect to the petition has been urged except that arising from the failure to produce the original witness and the production of a new witness upon the final hearing.

The United States Attorney appeared upon the hearing and, without asking for further adjournment for investigation or examination, objected to favorable action on the petition of Coretto until that petition, supported by the affidavits of two witnesses, who were named upon the petition, and who should appear for final examination at the time of final hearing, could be taken up after posting for 90 days.

The provisions of the naturalization statute which we must consider are section 4, par. 2:

"The petition shall also be verified by the affidavits of at least two credible witnesses, who are citizens of the United States, and who shall state in their affidavits," etc. (the facts as to five years' residence, moral character, etc.)

And paragraph 4:

"It shall be made to appear to the satisfaction of the court admitting any alien to citizenship that" he has resided, etc., and "in addition to the oath of the applicant, the testimony of at least two witnesses, citizens of the United States, as to the facts." etc., "and the name, place of residence, and occupation of each witness shall be set forth in the record."

Section 5 provides that the clerk shall give notice of the petition and its filing, by posting the name, etc., of the alien, the date and place of his arrival in the United States, and the date, as nearly as may be, for the final hearing of his petition, and the names of the witnesses whom the applicant expects to summon in his behalf. The section then goes on to say:

"And the clerk shall, if the applicant requests it, issue a subpœna for the witnesses so named by the said applicant to appear upon the day set for the final hearing, but in case such witnesses cannot be produced upon the final hearing other witnesses may be summoned."

It is evident that subpœnas would not be issued when the petition is filed, for a hearing as to which the date is fixed "as nearly as may be," and the provision for additional witnesses is that they may be "summoned," not that they may be "subpœnaed."

By section 6 final action upon a petition is to be had only on stated days and not until at least 90 days have elapsed for filing and posting the notice of such petition.

Section 9 provides that upon final hearing "the applicant and witnesses shall be examined under oath," and by section 11 the United States is given the right to appear, to cross-examine the petitioner and the witnesses produced in support of his petition, and is also given the right to call witnesses and produce evidence and be heard in opposition to the granting of the petition.

By section 13, the clerk is required to collect a fee of $2 for filing and docketing a petition, and $2 more for entering the final order and issuing a certificate of citizenship thereunder. If the original witnesses die or are ill and cannot be produced in court, it is easy to see that a mere adjournment of the hearing will not meet the situation. When a case comes up for final action, it is impossible for the applicant to produce a new witness and to then comply with the provision that the witness' name be stated in the petition and posted for 90 days, nor can a subpœna for the originally named witnesses be used in procuring the attendance of anybody else. If a mere temporary adjournment will allow the production of the original witnesses, there would seem to be no reason why adjournment should not be had, and this should be compelled. If the witnesses fail to appear without proper evidence that they cannot so do, adjournment will meet the situation, and the objection of the United States to a hearing of the petition without the presence of the original witnesses would seem proper and is the

usual course. But if an original witness cannot be produced, or if an attempt to compel his appearance would make adjournment of the hearing unreasonable, it would seem that there is nothing in the quoted portions of the statute which prevents the taking of testimony, if proper regard is had for examination by the government as to anything as to which the government is not satisfied at the hearing.

If new witnesses are summoned either by the court or produced and heard by direction of the court, their testimony in the presence of the court is compulsory, but the statute (section 9) says, "the *applicant and witnesses*" shall be examined, not "the applicant and *original* witnesses." In re Schatz (C. C.) 161 Fed. 237.

The requirement as to admission to naturalization is that the requisite facts shall be made to appear to the satisfaction of the court. There is no requirement that the exact facts of the original petition shall in all respects be sworn to orally in mere repetition of what has been previously sworn to upon the petition. Section 2, par. 4, again makes it the testimony of *at least two witnesses,* rather than the testimony of *the* two witnesses who verified the petition. United States v. Doyle, 179 Fed. 687, 103 C. C. A. 233.

It is manifestly the oral, sworn statement of satisfactory witnesses that is to be heard by the court upon final hearing. The provisions for posting and for the naming of at least two witnesses who shall comply with the requirement that the petition shall be verified by two competent and credible witnesses are provisions to prevent fraud by allowing opportunity for examination of the jurisdictional facts and of the claim set forth in the petition, that at least two witnesses have known the applicant in a satisfactory way a sufficient length of time. There is no authority in the statute for a reposting of an original petition, nor the posting of names of additional witnesses after the date of the first time for final hearing has arrived. United States v. Erickson (D. C.) 188 Fed. 747; In re Neugebauer (D. C.) 172 Fed. 943.

Section 5 provides that such posting shall be immediately after filing, and if the court should conclude that the original petition was insufficient, because not properly verified by two competent witnesses, or if there is default in appearing upon the petition, it would seem that the only remedy would be to deny the petition or compel the payment of a new fee upon filing another. Such action or the requirement of compelling an original witness to return from time to time, until he can happen to be present with another original witness, would frequently work unnecessary hardship, and the rights of the government can be entirely protected by the provision that the United States shall be afforded opportunity for any necessary examination. United States v. Ojala, 182 Fed. 51, 104 C. C. A. 491.

In the present case, the government has examined the new witness as well as the old ones, asks for no further adjournment, but does ask that the applicant and the original witness who appeared be compelled to return, and that the clerk post upon the board used for filing purposes the name of the witness who will then be called. Any such entry by the clerk of this name upon the original record would certainly confuse the statement of what happened more than 90 days be-

fore, and there would seem to be no authority for allowing the clerk to exact another fee unless the original petition is denied.

The cases of O'Dea (C. C.) 158 Fed. 703, and U. S. v. Daly, 32 App. D. C. 525, are to the contrary, but are not controlling.

The objection of the United States to the granting of this petition will be overruled, and the certificate may issue.