# IN THE MATTER OF THE PETITION OF JACOB KAHN FOR NATURALIZATION.

## October 2, 1915.

*Naturalization—Witnesses—Posting*:   The requirement of section 5 of the Naturalization Act of June 29, 1906, 34 Stat. 596, that the

names of the witnesses whom the applicant for citizenship expects to summon in his behalf, shall be posted with the notice of his petition for ninety days, applies equally to such substitute witnesses as he may desire to summon in place of original witnesses who cannot be produced at the final hearing.

*Naturalization:* On motion to substitute witness.

*Jacob Kahn,* petitioner, *pro se.*
*Jeff McCarn,* U. S. District Attorney, for the United States.

DOLE, J. This case was called and heard, and continued for decision on the question whether the testimony of Leon M. Straus, a substituted witness, could be received until his name had been posted for ninety days, under the requirements of sections 5 and 6 of the act of June 29, 1906, "to establish a bureau of immigration and naturalization and to provide for a uniform rule for the naturalization of aliens throughout the United States," 34 Stat. 596. Section 5 of such act requires the clerk, immediately after filing a petition for naturalization, to "give notice thereof by posting in a public and conspicuous place in his office or in the building in which his office is situated, under an appropriate heading, the name, nativity and residence of the alien, the date and place of his arrival in the United States, and the date, as nearly as may be, for the final hearing of his petition, and the names of the witnesses whom the applicant expects to summon in his behalf." Section 6 provides that the final action *on such* petitions "shall be had only on stated days, to be fixed by rule of the court, and in no case shall final action be had upon a petition until at least ninety days have elapsed after filing and posting the notice of such petition."

It sometimes happens that a witness whom the petitioner has expected to summon in his behalf and whose name has been posted as required, as set forth above, is not obtain-

able for the final hearing because of his death, absence, or other adequate cause. Section 6 provides for such emergency in the words, "but in case such witnesses cannot be produced upon the final hearing other witnesses may be summoned." The question before the court is, in case another witness has to be summoned for failure of one of the expected witnesses, whose name has been posted according to law, to appear, must the name of such new witness be posted for ninety days before the final hearing can take place?

What is the object of the requirement that the names of the witnesses who are expected to testify at the final hearing shall be posted with the notice of the case for ninety days? Is it not that the representatives of the government may, upon being informed of the petition by such notice, have full opportunity to investigate the status of such witnesses as to their bona fide ability to testify to the residence and character of the petitioner? If this is not the object, what purpose can be gained by such public notice with the long delay in the proceedings? Among the several Federal cases which hold that the names of substitute witnesses need not be posted for ninety days if at all, only two attempt to define the object of the posting of the witnesses' names. The decision in *In re Schatz,* 161 Fed. 237, 239, says:

"The purpose of this provision . . . to insure publicity of the proceeding and, among other things, to inform the public as to the names of the witnesses by whom the applicant expects to establish his right to be admitted to citizenship."

The case of *United States v. Doyle,* 179 Fed. 687, 689, offers the following:

"If a posted witness is not present the applicant has the burden of satisfying the court that he cannot be produced. If any suspicion should arise that the posted witnesses had been run off, or that the tendered witnesses were not reliable, the court, on motion, should allow the government

ample time in which to investigate, and a denial might be deemed an abuse of discretion for which a naturalization order should be reversed."

Has not the statute fixed ninety days as "ample time"?

The cases of *In re O'Dea,* 158 Fed. 703, and *United States v. Thomas Daly,* 32 App. D. C. 525, both holding that the names of substitute witnesses should be published for ninety days before the final hearing, account for the reason of the law requiring, as set forth, the posting of the names of the two persons first intended by the applicant to be summoned and so, necessarily, including substitute witnesses. The *O'Dea* case says:

"The very object of posting the names of the witnesses is to give the government opportunity for a full investigation conducted by its own officers, without having to depend solely on the cross-examination of persons of whom it never heard until the cause comes up for final disposition."

The decision in *United States v. Daly* was given by the court of appeals of the District of Columbia, reversing the judgment of the supreme court of the District of Columbia. Referring to the *O'Dea* case, the decision in *United States v. Daly* proceeds as follows:

"With the views expressed in this opinion we fully agree. To hold otherwise would furnish an avenue through which one of the chief safeguards of the law could be evaded. It would place it within the power of a designing applicant to escape giving notice of his witnesses altogether. He could on filing his petition give the names of two witnesses whom he knew could not qualify, or whom he had no intention of having present at the hearing, and at the trial produce substitutes unknown to the court or to the officers of the government, and thereby secure his admission by totally evading one of the most material requirements of the statute. This law was evidently intended to throw every protection possible around the government, to prevent, if possible, disqualified aliens from becoming citizens; and it is the duty of the courts to hold applicants to a strict compliance with its provisions."

To my mind these two cases have satisfactorily construed

a somewhat vague phase of the statute and given the two sections of the act referred to an intelligible and logical status; for what possible guarantee to the government as to opportunity of informing itself about witnesses favoring an applicant for the rights of citizenship exists in a provision for publication of names which may only cover a part or none of the witnesses who are to appear?

Apropos of this discussion, is a letter of Richard K. Campbell, Chief, Division of Naturalization, dated June 16, 1909, to William S. Gregg, Assistant United States Attorney, Philadelphia, Pennsylvania, which, correcting a misapprehension of the *Daly* case on another point, confirms its ruling upon the question which concerns the case before the court in the following words:

"Clerks of courts should therefore be directed to advise all petitioners . . . that a petitioner may not introduce other witnesses in his behalf at the time of hearing than those whose names have been posted for the required ninety days."

The name of the substituted witness, Mr. Straus, or whoever else the applicant may desire to summon as a witness in his behalf at the final hearing, must be posted for ninety days before such hearing.