## In re GIAQUINTO.

(District Court, S. D. New York.   January 28, 1916.)

ALIENS &68—NATURALIZATION—PROCEDURE—STATUTORY PROVISIONS.

Act June 29, 1906, c. 3592, § 4, 34 Stat. 596 (Comp. St. 1913, § 4352), requires petitions for naturalization to be verified by the affidavits of witnesses. Section 5 provides that the clerk immediately after the filing of the petition shall give notice by posting the name of the alien, etc., and the names of the witnesses whom he expects to summon, and that on request the clerk shall issue a subpœna for the witnesses so named by the applicant, but that, if such witnesses cannot be produced upon the final hearing, other witnesses may be summoned. Section 6 provides that final action shall not be had upon a petition until at least 90 days have elapsed after filing and posting the notice of such petition. *Held,* following a former decision of this district, in the absence of controlling authority, that the names of witnesses substituted under section 6 must be posted for 90 days.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 138–145; Dec. Dig. &68.]

Application by Giorgio Giaquinto for naturalization.   Application not granted.

MAYER, District Judge.   Giaquinto is an applicant for naturalization, and on final hearing one of his witnesses did not appear.   He desires to substitute a witness, and the question is whether it will be necessary to post the name of the substituted witness for a period of 90 days, or whether said substituted witness may be summoned and examined without the prerequisite of posting.

The applicable sections of the act of June 29, 1906, are as follows:

"The petition shall also be verified by the affidavits of at least two credible witnesses, who are citizens of the United States, and who shall state in their affidavits that they have personally known the applicant to be a resident of the United States for a period of at least five years continuously, and of the state, territory, or district in which the application is made for a period of at least one year immediately preceding the date of the filing of his petition, and that they each have personal knowledge that the petitioner is a person of good moral character, and that he is in every way qualified, in their opinion, to be admitted as a citizen of the United States." Section 4, second condition, third paragraph.

"That the clerk of the court shall, immediately after filing the petition, give notice thereof by posting in a public and conspicuous place in his office, or in the building in which his office is situated, under an appropriate heading, the name, nativity, and residence of the alien, the date and place of his arrival in the United States, and the date, as nearly as may be, for the final hearing of his petition, and the names of the witnesses whom the applicant expects to summon in his behalf; and the clerk shall, if the applicant requests it, issue a subpœna for the witnesses so named by the said applicant to appear upon the day set for the final hearing, but in case such witnesses can not be produced upon the final hearing other witnesses may be summoned." Section 5.

"That petitions for naturalization may be made and filed during term time or vacation of the court and shall be docketed the same day as filed, but final action thereon shall be had only on stated days, to be fixed by rule of the court, and in no case shall final action be had upon a petition until at least ninety days have elapsed after filing and posting the notice of such petition." Section 6.

It seems that there has been a conflict of authority in reference to this question. Some courts have held that the posting is not necessary: In re Schatz, 161 Fed. 237 (Circuit Court, D. Oregon, April 7, 1908); U. S. v. Doyle, 179 Fed. 687, 103 C. C. A. 233 (Circuit Court of Appeals, Seventh Circuit, April 19, 1910); In re Neugehauer, 172 Fed. 943 (District Court, W. D. Pennsylvania, October 11, 1909); U. S. v. Ojala, 182 Fed. 51, 104 C. C. A. 491 (Circuit Court of Appeals, Eighth Circuit, October 11, 1910)."

In addition I am informed that the posting of the names of substitute witnesses is not required in the United States District Court for the Eastern District of New York and also is not required in certain cases in the northern counties of the state of New York, in which naturalization hearings are held at infrequent intervals, and where such posting would result, at times, in delaying an applicant's admission to citizenship for many months. The authorities which have held that such posting is necessary are U. S. v. Daly, 32 App. D. C. 525, and Matter of Petition of Joseph O'Dea, decided by Judge Lacombe sitting as a Circuit Judge, 158 Fed. 703 (February 25, 1908).

Judge Lacombe's view has been consistently followed in this district, and the question is whether that practice shall be departed from because of the later decisions above cited and because of the inconvenience to the applicant for naturalization. I am authorized by my Associates, Judge HOUGH, Judge LEARNED HAND, and Judge AUGUSTUS N. HAND, to state that in view of the conflict of opinion, and in the absence of a holding to the contrary by the Circuit Court of Appeals for the Second Circuit or the Supreme Court, the ruling of Judge LACOMBE will be followed in this district.