Appeal of COOK.

(Circuit Court of Appeals,. Third Circuit.    July 2, 1917.)

No. 2270.

ALIENS ⬅68—REVIEW—DECISIONS REVIEWABLE.
    Appellate review is not a matter of right, and must rest on a constitutional and legislative provision; hence a decision denying an application for naturalization cannot be reviewed by the Circuit Court of Appeals on writ of error or on appeal, there being no provisions for such review.
    [Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 138–145.]

Appeal from the District Court of the United States for the District of New Jersey; Thos. G. Haight, Judge.

Application of James Cook for naturalization was refused (239 Fed. 782), and applicant appeals.    Appeal dismissed.

John M. Russell, of New York City, for appellant.
J. L. Bodine, Asst. U. S. Atty., of Trenton, N. J., for appellee.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

McPHERSON, Circuit Judge.    The District Court of New Jersey refused to naturalize the appellant for the reasons stated by Judge Haight in 239 Fed. 782, and this appeal challenges the correctness of that decision.    We do not consider it, for in our opinion we have no appellate jurisdiction in this class of controversies.    We so decided in U. S. v. Neugebauer, 221 Fed. 938, 137 C. C. A. 508, following U. S. v. Dolla (C. C. A. 5) 177 Fed. 101, 100 C. C. A. 521, 21 Ann. Cas. 665; and, although each of these cases was a writ of error, and was an attempt to review an order granting the alien's petition, we think no difference in principle is presented by the facts that the petition here was refused instead of granted, and that the case comes before us by appeal instead of by writ of error.    The general rule of law is that appellate review is not a matter of right, and must rest on a constitutional or legislative provision (3 Corpus Juris, page 297); and we are aware of no provision that authorizes a disappointed alien to appeal from the refusal to grant his application.

To avoid a possible misunderstanding, we may add that this decision has no bearing upon a suit by the United States under section 15 of the Act of June 29, 1906 (34 Stat. 601, c. 3592 [Comp. St. 1916, §.4374]), to cancel a certificate.

The appeal is dismissed.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes