## MARX v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. October 22, 1921.)

### No. 5648.

Courts ⬯405(3)—Order denying application to be admitted to citizenship not appealable to Circuit Court of Appeals.

An order denying an application to be admitted to citizenship pursuant to Act June 29, 1906, as amended (Comp. St. § 4351 et seq.), is not a denial or adjudication of any right on the part of the applicant, and the Circuit Court of Appeals has no jurisdiction of an appeal therefrom, there being no case involved.

Appeal from the District Court of the United States for the Eastern District of Missouri; Charles B. Faris, Judge.

Fritz Marx applied to be admitted to citizenship. From an order denying the application, he appeals. Appeal dismissed.

M. N. Sale, of St. Louis, Mo. (A. B. Frey, of St. Louis, Mo., on the brief), for appellant.

Edward W. Tobin, Naturalization Examiner (James E. Carroll, U. S. Atty., and N. C. Whaley, Asst. U. S. Atty., both of St. Louis, Mo., on the brief), for the United States.

Before HOOK and CARLAND, Circuit Judges, and LEWIS, District Judge.

LEWIS, District Judge. This is an appeal from an order denying the application of Fritz Marx, an alien, to be admitted to citizenship pursuant to Act June 29, 1906, c. 3592, 34 Stat. 596, as amended (Comp. St. § 4351 et seq.).

Jurisdiction here is challenged by motion to dismiss the appeal, and we are of opinion that the objection is well taken. U. S. v. Ness, 245 U. S. 319, 38 Sup. Ct. 118, 62 L. Ed. 321; Appeal of Cook, 242 Fed. 932, 155 C. C. A. 520; U. S. v. Neugebauer, 221 Fed. 938, 137 C. C. A. 508; U. S. v. Dolla, 177 Fed. 101, 100 C. C. A. 521, 21 Ann. Cas. 665; State ex rel. v. Superior Court, 75 Wash. 239, 134 Pac. 916, Ann. Cas. 1915C, 425.

The cases relied on by appellant (U. S. v. Ojala, 182 Fed. 51, 104 C. C. A. 491; U. S. v. Doyle, 179 Fed. 687, 103 C. C. A. 233; U. S. v. Poslusny, 179 Fed. 836, 103 C. C. A. 324; Bessho v. U. S., 178 Fed. 245, 101 C. C. A. 605; U. S. v. Rodiek, 162 Fed. 469, 89 C. C. A. 389), and others, were determined before the ruling in the Ness Case. Furthermore, in none of those cases was the question of jurisdiction raised.

The action of the District Court was not a denial or adjudication of any right on the part of appellant. His civil status and rights here, gained by residence, were not affected by the order. He petitioned for a change of his political status in accordance with the provisions of the act. He sought to obtain a privilege by favor, not of right; and had no case or controversy against or with appellee.

Johannessen v. U. S., 225 U. S. 227, 32 Sup. Ct. 613, 56 L. Ed. 1066.

The late Judge HOOK presided at the argument, and concurred in these conclusions.

Appeal dismissed.