### In re APREA.

(Circuit Court, S. D. New York. February 26, 1908.)

ALIENS—NATURALIZATION—PETITION—VERIFICATION.

Naturalization Act June 29, 1906, § 4, par. 2, subd. 2, 34 Stat. 596, c. 3592 [U. S. Comp. St. Supp. 1907, p. 421], provides that a naturalization petition shall be verified by at least two credible witnesses or citizens of the United States, who shall state that they have personally known the applicant to be a resident of the United States for five years continuously, and of the state for at least one year, immediately preceding the date of the filing of his petition, and that they each have personal knowledge that petitioner is a person of good moral character, etc. *Held,* that where one of petitioner's witnesses at the hearing admitted that he had not known petitioner for five years antedating the filing of petition, as stated in the witness' affidavit, and the other witness, who was a naturalized alien, admitted that he had surrendered his own certificate of citizenship for cancellation because procured in violation of law, the petition was not verified as required by law, and therefore not sustainable.

Petition for Naturalization.

This petition was filed in this court on the 20th day of November, 1907, and was apparently verified by Giuseppe Silvestri and Alberto Ventri, who made affidavit that they were citizens of the United States and that they had personally known the petitioner to be a resident of the United States for a period of at least five years continuously immediately preceding the date of filing his petition, and of the state of New York for a period of seven years immediately preceding the date of filing said petition, and that to their personal knowledge the petitioner was a person of good moral character, attached to the principles of the Constitution of the United States, and that he was in every way qualified, in their opinion, to be admitted a citizen of the United States. When the cause came on to be finally heard in open court at the expiration of the 90 days prescribed by the statute, the witness Giuseppe Silvestri admitted that he had not known the petitioner for five years antedating the filing of his petition, and could not, therefore, testify to his having resided in the United States during that period of time, or that he was attached to the principles of the Constitution of the United States and otherwise eligible to citizenship as the law requires. The other witness, Alberto Ventri, admitted that he had surrendered his own certificate of citizenship for cancellation, having concluded that it had been procured in violation of law.

Henry L. Stimson, U. S. Atty. (Hugh Govern, Jr., of counsel), for objector.

LACOMBE, Circuit Judge (after stating the facts as above). Subdivision 2 of paragraph 2 of section 4 of the naturalization act of June 29, 1906 (34 Stat. 596, c. 3592 [U. S. Comp. St. Supp. 1907, p. 421]), provides as follows:

"The petition shall also be verified by the affidavits of at least two credible witnesses, who are citizens of the United States, and who shall state in their affidavits that they have personally known the applicant to be a resident of the United States for a period of at least five years continuously, and of the state, territory, or district in which the application is made for a period of at least one year immediately preceding the date of the filing of his petition, and that they each have personal knowledge that the petitioner is a person of good moral character, and that he is in every way qualified, in their opinion, to be admitted as a citizen of the United States."

The petition in this case has not been verified in the manner prescribed by the statute, since the witness Ventri is not a citizen of the United States. It complies with the letter of the statute, so far as the witness Silvestri is concerned, since he did "state in [his] affidavit" that he had known the petitioner the requisite time. By admitting, however, that this statement was inaccurate, the witness has deprived his statement of any probative force, and it would not be a fair compliance with the spirit of the statute to accept a petition thus verified as sufficient.

The petition may be denied, without prejudice to a renewal on proper papers.