UNITED STATES v. MARTORANA.

(Circuit Court of Appeals, Third Circuit. May 25, 1909.)

No. 20.

ALIENS (§ 68*)—NATURALIZATION—SUFFICIENCY OF PETITION—AMENDMENT.

Under Naturalization Act June 29, 1906, c. 3592, § 4, 34 Stat. 596 (U. S. Comp. St. Supp. 1907, p. 420), which requires a petition for naturalization to be verified by the affidavits "of at least two credible witnesses who are citizens of the United States," stating certain facts relating to the applicant, a petition not so verified by at least two persons who are citizens is not merely voidable but void, and cannot be amended.

[Ed. Note.—For other cases, see Aliens, Dec. Dig. § 68.*]

Appeal from the District Court of the United States for the Eastern District of Pennsylvania.

For opinion below, see 159 Fed. 1010.

Wm. S. Gregg, for appellant.

Before GRAY and BUFFINGTON, Circuit Judges, and BRADFORD, District Judge.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

BRADFORD, District Judge. This is an appeal by the United States of America from an order or decree of the District Court of the United States for the Eastern District of Pennsylvania admitting Santi Martorana to citizenship. It appears from the record that Lorella S. Martorana, his wife, one of the two original witnesses verifying the petition for naturalization, was not at the time it was filed a citizen of the United States; that on the day fixed for final action on the petition a motion made on behalf of the United States for its dismissal on that ground was denied; that the applicant was permitted by the court below to amend his petition by having it verified by a competent witness in lieu of Mrs. Martorana and by reposting the names of the witnesses for the period of ninety days before another day fixed for final action on the petition; and that under these circumstances and after the expiration of such period of ninety days the court below by order or decree admitted the petitioner to become a citizen of the United States. Admission to citizenship is wholly a subject of statutory law or treaty stipulation. Aside from affirmative legislation or treaty provision by the state or nation whose protection and privileges are sought by a foreigner, there is no inherent right in him to enjoy such protection or privileges and no obligation on its part to permit him to do so. Of necessity every state or nation must determine for itself who shall enjoy the rights of membership in the body politic of which it consists, and before a right to such enjoyment can be acquired by an alien all the prescribed conditions must be fully satisfied. The act of June 29, 1906, c. 3592, relating to the naturalization of aliens, 34 Stat. 596 (U. S. Comp. St. Supp. 1907, p. 419) expressly declares, among other things, that there shall be at least two verifying witnesses to the petition who are "citizens of the United States," and that they shall state in their affidavits that they have "personally known the applicant to be a resident of the United States for a period of at least five years continuously, and of the state, territory, or district in which the application is made for a period of at least one year immediately preceding the date of the filing of his petition, and that they each have personal knowledge that the petitioner is a person of good moral character, and that he is in every way qualified, in their opinion, to be admitted as a citizen of the United States." We think that compliance with these requirements is essential to the validity of the petition, and that there is no sound distinction between a petition sworn to by only one witness and a petition not sworn to by any witness. In either case the petition is not voidable, but void. It is a nullity, and as such cannot be amended, as in point of law there is nothing to amend by, and nothing to amend. The provision in section 6 for summoning other witnesses in case those named by the applicant can not be produced manifestly relates to the means of proving the material averments contained in a valid petition and has no bearing on the question of the validity or invalidity of a petition not duly verified before filing by at least two citizens of the United States. Any view of the operation of the act antagonistic to that now expressed would, we think, be not only unwarranted by the canons of statutory construction, but calculated to produce confusion in the administration of the law. Section 6 of the act provides, among other things, that "petitions for naturaliza-

tion may be made and filed during term time or vacation of the court and shall be docketed the same day as filed, but final action thereon shall be had only on stated days, to be fixed by rule of the court, and in no case shall final action be had upon a petition until at least ninety days have elapsed after filing and posting the notice of such petition." If a petition having no or only one verifying witness, or no or only one competent witness, can be amended by its verification by two competent witnesses or an additional competent witness, as the case may be, for what period of ninety days shall the name or names of such witness or witnesses be posted? If the name of only one competent witness has already been posted will it be necessary to post his name for an additional period of ninety days together with the name of the substituted witness? It is unnecessary to multiply such suggestions to show that departure from the express provision of the act is calculated to lead to uncertainty and questions which should be avoided. It is much simpler and will, we think, involve no undue hardship to aliens seeking to acquire the rights and privileges of American citizenship to require them to conform to the plain mandate of the law.

For the reasons given the order or decree appealed from must be reversed, with costs, and it is so ordered.