## UNITED STATES v. ERICKSON.

### (District Court, W. D. Michigan, S. D. September 28, 1910.)

1. EVIDENCE (§ 83*)—PRESUMPTION—PERFORMANCE OF OFFICIAL ACTS.

In the absence of a contrary showing, names of witnesses for an applicant for naturalization are presumed to have been posted for the time required by law.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 105; Dec. Dig. § 83.*]

2. ALIENS (§ 71½*)—NATURALIZATION—DEFECTS—EFFECT.

A naturalization certificate should not be vacated as having been obtained illegally or through fraud, because, on ineligibility of one of two witnesses appearing, his name was erased from the witnesses' affidavit, and another name substituted, and the date of the affidavit changed to that when the new witness verified, though no duplicate of the affidavit as so changed was forwarded to the Department of Commerce and Labor.

[Ed. Note.—For other cases, see Aliens, Dec. Dig. § 71½.*]

3. ALIENS (§ 71½*)—NATURALIZATION PROCEEDINGS—REVIEW.

Naturalization proceedings, like ordinary judicial proceedings, are properly sustained if defects asserted are merely technical and formal, though the defects cause annoyance to the supervising administrative department.

[Ed. Note.—For other cases, see Aliens, Dec. Dig. § 71½.*]

4. ALIENS (§ 68*)—NATURALIZATION—FILING OF PAPERS.

Absence of a filing indorsement, or a calendar entry by a clerk concerning a naturalization petition actually filed, is immaterial if the fact of filing sufficiently appears.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 138–146; Dec. Dig. § 68.*]

5. ALIENS (§ 68*)—NATURALIZATION—VALIDITY—OMISSION BY CLERK.

An applicant for naturalization is not affected by any failure of the clerk to report to the Department of Commerce and Labor any details which he ought to report.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 138–146; Dec. Dig. § 68.*]

Petition by the United States to vacate Ole Erickson's naturalization certificate. Petition dismissed.

Geo. G. Covell, U. S. Atty.

DENISON, District Judge. This is a petition to vacate a naturalization certificate issued by the circuit court of Benzie county, September 21, 1908. It appears that Erickson filed his petition February 29, 1908, with William A. Anderson and F. Erickson as witnesses; that F. Erickson was not eligible as a witness, for lack of citizenship; that on April 25, 1908, the name of Erickson was erased from the witnesses' affidavit, and the name of Peter Anderson was substituted, and the date of the affidavit changed from February 29, 1908, to April 25, 1908. These are the allegations of the petition, taken as confessed by default, and I interpret them as meaning that there appears of record upon the petition an affidavit purporting to be signed and sworn to on April 25, 1908, by William Anderson and Peter Ander-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

son, as witnesses; and that it was so subscribed and sworn to, by them on that day, is the proper inference to be drawn from this record. If, however, the fact was that only Peter Anderson appeared and signed upon the second stated day, this would not present an essentially different situation, because that would amount to an affidavit by one witness on February 29th and by the other on April 25th, making the paper then complete.

[1] It was the duty of the clerk to post both of these names for more than 90 days before September 21st, the day of hearing, and there is no allegation that he did not do so. It must, therefore, be presumed. that they were so posted.

[2] The present petition to vacate is based upon this substitution of a witness, and upon the attending irregularities. It seems to me quite clear that the alleged defects are not vital, nor, indeed, serious, and that they do not justify depriving respondent of his citizenship.

[3] I know of no reason why the proceedings for naturalization in a court of record should not be governed by the same general principles as ordinary judicial proceedings, and vacated if the defects are vital and essential things, but sustained if the defects are merely technical and formal. The fact that defects of the latter class cause annoyance and trouble to the supervising, administrative department, cannot make void any proceedings upon which substantial rights are based.

It may well be conceded, as held in United States v. Martorana, 171 Fed. 397, 96 C. C. A. 353, that a petition, verified by only one competent witness, is invalid, and it may even be called void in the sense in which that word is often used, although it would seem rather to be a sort of ineffective paper, ready to become effective at any time upon attaching the other affidavit. However this may be, the worst that can be said of such a petition is that it is not lawfully on file with the clerk, but is an unofficial paper remaining in his hands either with an imperfect affidavit, or with no affidavit, according to the view which may be taken. When, 30 days later or 60 days later, two competent witnesses come into the clerk's office and sign and swear to this paper, it then becomes a valid and unimpeachable petition, and an entirely sufficient basis for the posting of the witnesses' names and the subsequent judicial examination and pronouncement.

[4] It would be more orderly for the clerk then to file the paper over again and give it a new consecutive number upon the official record; but it is a familiar rule that the absence of a filing indorsement or a calendar entry by the clerk with reference to a paper which is actually filed, and upon which the clerk has acted, is quite immaterial, if the fact of the filing sufficiently appears.

[5] So, too, the failure of the clerk to report to the Department of Commerce and Labor any details which he ought to report cannot affect the right of the applicant for citizenship.

The only obstacle, as I think, to treating the petition, when finally properly verified, as sufficient, upon the theory that it is a petition then first efficiently initiated, is that by clause 2 of section 4. (Act June 29, 1906, c. 3592, 34 Stat. 597 [U. S. Comp. St. Supp. 1909, p.

479]) the petition is required to be filed in duplicate; and, as one of the duplicates first filed in this case had been forwarded to the Department of Commerce and Labor, a complete affidavit was attached only to one duplicate. The requirement of a duplicate petition as distinguished from a mere copy cannot be for any purpose excepting for the convenience and permanence of record, and I do not think the absence of one duplicate, under the conditions here stated, is vital. The department desires to be advised of all the particulars specified in the petition, so that it can make the necessary inquiry and opposition, if there is reason therefor. This substantial purpose was fully satisfied by what was done in this case. When the petition was eventually filed, the duplicate, perfect in every respect, excepting in one, was on file in Washington; and there was, in this case, no substantial prejudice to the department, or to the public, or the law, from the failure of the department to have 90 days' notice of the name of the new witness.

I hesitate extremely to reach a conclusion which may seem to be in conflict with that of the Court of Appeals of the Second Circuit, but the matter, unless as to the single question of the duplicate affidavit, seems to me very clear; and since the theory that the petition, when properly verified, may be treated as a new petition, was not mentioned by the court in that case, it may be assumed that the facts of that case did not justify such a theory.

I feel compelled to hold that Erickson's naturalization should not be cancelled on the ground of fraud nor on the ground "that such certificate of citizenship was illegally procured"; and, as no other grounds are provided for in section 15 of the act in question, the petition must be dismissed.