In re FREEZE.

(District Court, D. Oregon.  September 4, 1911.)

ALIENS (§ 68*)—NATURALIZATION—SUFFICIENCY OF PETITION—VERIFICATION.
   Where a petition for naturalization is properly verified by the requisite
   number of competent witnesses in conformity with the requirement of
   Naturalization Act June 29, 1906, c. 3592, § 4, 34 Stat. 596 (U. S. Comp.
   St. Supp. 1909, p. 478), prior to the posting of notice, its sufficiency is not
   affected by the fact that the witnesses verified the same on different
   days.

   [Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 138–146; Dec.
   Dig. § 68.*]

Petition of Harvey Walter Freeze for naturalization.  On objection to sufficiency of petition.  Overruled.

Walter H. Evans, Asst. U. S. Atty.

BEAN, District Judge.  Harvey Walter Freeze, an alien, has applied to be admitted to citizenship.  His petition for admission was signed and verified by himself and by one competent witness on March 27, 1911, and by another competent witness on the following day.  On the 28th, and after the petition had been thus verified by both witnesses, the clerk posted the notice required by section 5 of the naturalization act.  The proof submitted at the hearing as to the residence, character, and general qualifications of the applicant is entirely satisfactory.  Objection is made, however, to his admission on the ground that his petition is a nullity and void, because not verified by each witness on the same day.

Admission to naturalization is a privilege, not a right.  Every state and nation must determine for itself who shall be entitled to become members of its body politic and the terms and conditions upon which such rights may be acquired.  Congress could therefore have provided that applications for admission should be verified by two witnesses on the same date; but I do not think it has done so.  The law requires the petition to be verified by at least two competent witnesses, and presumably it contemplates that it shall be so verified at the time of its filing; but, if this is so, the application of the petitioner, signed by himself and verified by one witness, was not complete nor entitled to be filed until the 28th, when it was verified by the other witness, and in contemplation of law it was not filed until that date, so that at the time of filing it was, in fact, verified by both witnesses.

I can conceive of no theory in law or in reason why a petition may not be partly filled out on one day and completed on the next, provided requisite notice of the application is immediately given.  It is no doubt the better practice for both witnesses to sign and verify at the same time, and such should ordinarily be required; but circumstances may arise where it is impossible or impracticable to do so.

Where a petition in due form, purporting to be verified by two witnesses, is filed, one of whom is in fact incompetent, it has been held that it cannot be amended by being verified by another witness, and should be dismissed. U. S. v. Martorana, 171 Fed. 397, 96 C. C. A. 353. But where the petition is properly verified by the requisite number of competent witnesses prior to the posting of notice, there is no occasion for amendment; for the petition is complete and conformable to the law before any official action is taken thereon.

The provisions of section 14 of the naturalization act providing that declarations of intention and petitions for naturalization shall be bound in chronological order merely define the duties of the officers having such matters in charge, and if they have so prepared and bound the applications that the provisions of the section cannot be observed it should not affect the right of the applicant, who has complied with all the formalities of law and has shown himself entitled to admission. The privileges given him by statute should not be made subservient to mere matters of form.