## UNITED STATES v. GULLIKSEN.

(Circuit Court of Appeals, Eighth Circuit. June 9, 1917.)

### No. 4456.

ALIENS ☞71½, New, vol. 7 Key-No. Series—NATURALIZATION—CANCELLATION OF CERTIFICATE—GROUNDS.

Act June 29, 1906, c. 3592, § 4, 34 Stat. 596 (Comp. St. 1916, § 4352), provides that the petition for naturalization shall be verified by the affidavits of at least two credible witnesses, who shall state in their affidavits that they have personally known the applicant to be a resident of the United States for at least five years continuously, and that they have personal knowledge that he is of good moral character and qualified to be admitted as a citizen. Section 5 (Comp. St. 1916, § 4353) provides that the clerk shall, if requested, issue a subpœna for the witnesses named by the applicant, but that, in case such witnesses cannot be produced upon the final hearing, other witnesses may be summoned. *Held* that, where one of the witnesses verifying a petition of naturalization testified on the hearing that he had not known the applicant for five years, the substitution in his place of another witness, whose affidavit was not attached to the petition at the time of its filing, was such a departure from the law as caused the certificate of naturalization to be illegally procured and subject to cancellation.

Appeal from the District Court of the United States for the District of Wyoming; John A. Riner, Judge.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Suit by the United States against Andrew Gulliksen. From a judgment dismissing the complaint, the United States appeals. Reversed and remanded, with directions.

David J. Howell, Asst. U. S. Atty., of Cheyenne, Wyo. (Charles L. Rigdon, U. S. Atty., of Cheyenne, Wyo., on the brief), for the United States.

Clyde M. Watts, of Cheyenne, Wyo., for appellee.

Before CARLAND, Circuit Judge, and AMIDON and VAN VALKENBURGH, District Judges.

CARLAND, Circuit Judge. This is an appeal from a judgment dismissing on motion the following complaint filed by the United States, for the reason that it did not state a cause of action:

"(1) That on the 15th day of April, 1914, the said defendant, Andrew Gulliksen, being then an alien, filed in the District Court of the United States in and for the District of Wyoming, his petition to be admitted as a citizen of the United States under the provisions of the act of Congress of June 29, 1906, providing for the naturalization of aliens.

"(2) That upon the 1st day of October, 1914, the petition of the said Andrew Gulliksen came on for hearing in said court, and it was thereupon ordered by said court that the said Andrew Gulliksen, defendant aforesaid, be admitted as a citizen of the United States, and a certificate of naturalization, under the seal of said court, was thereupon issued to the said Andrew Gulliksen, and ever since said time the said defendant has claimed and now claims, by virtue of said certificate of naturalization, to be a citizen of the United States.

"(3) That said certificate of naturalization was illegally issued and procured by the said Andrew Gulliksen, and that said court had no jurisdiction to issue a certificate of naturalization to the said Andrew Gulliksen, for the reason that the said petition for naturalization filed by the said Andrew Gulliksen aforesaid was not verified by the affidavits of two credible witnesses who had personally known the said applicant for citizenship, to wit, the said Andrew Gulliksen, to be a resident of the United States for a period of at least five years continuously immediately preceding the date of the filing of his said petition for naturalization.

"That at the time of the filing of said petition for naturalization by defendant as aforesaid said petition was verified by the affidavits of two witnesses, to wit, Charles Warren and F. A. Roedel; that said Charles Warren, in said affidavit, verifying said petition for naturalization, deposed and said: that he had personally known Andrew Gulliksen, the petitioner above mentioned, to have resided in the United States continuously immediately preceding the date of the filing of his petition since the 1st day of December, A. D. 1908.

"That said affidavit of the said Charles Warren is false and untrue, in this: That the said Charles Warren did not personally know the said Andrew Gulliksen to have resided in the United States continuously immediately preceding the date of the filing of his petition for naturalization since the 1st day of December, A. D. 1908, but in truth and in fact the said Charles Warren had known the applicant, the said Andrew Gulliksen, only since the month of September, 1909, and did not know the said Andrew Gulliksen to have resided in the United States prior to the month of September; 1909; and that the said Charles Warren had not known the said Andrew Gulliksen to be a resident of the United States for a period of at least five years continuously immediately preceding the date of the filing of his said petition for naturalization.

"That thereafter the said Charles Warren appeared at the final hearing upon the petition of the said applicant for naturalization as a witness for said applicant, and testified that he did not know said applicant before the month of September, 1909, and had not known the said Andrew Gulliksen since the

1st day of December, A. D. 1908, and had not known the said Andrew Gulliksen for a period of five years immediately preceding the date of the filing of his application for naturalization.

"That thereupon the court, finding the said Charles Warren not a competent witness, permitted the said petitioner, the said Andrew Gulliksen, to procure and use, in the place of the said Charles Warren, Gullik Gulliksen, who testified that he knew the said Andrew Gulliksen to be a citizen of the United States for a period of five years continuously immediately preceding the date of the filing of the petition of the said Andrew Gulliksen for naturalization. That the said Gullik Gulliksen was not a witness whose affidavit had been attached to the petition of the said Andrew Gulliksen at the time of the filing of the same or at any time.

"That the affidavit of the said Charles Warren, attached to and filed with the petition of the said applicant for naturalization as aforesaid, was not the affidavit of a credible witness who had known said applicant for a period of at least five years immediately preceding the date of the filing of said petition.

"Wherefore plaintiff prays that this court make an order setting aside and canceling said certificate of naturalization and citizenship issued to the said Andrew Gulliksen, defendant aforesaid, on the 1st day of October, 1914, and directing the clerk of this court to transmit a certified copy of such order to the Division of Naturalization of the Bureau of Immigration of Naturalization, Washington, D. C."

Paragraph 3 of subdivision 2 of section 4 of the act of June 29, 1906, reads as follows:

"The petition shall also be verified by the affidavits of at least two credible witnesses, who are citizens of the United States, and who shall state in their affidavits that they have personally known the applicant to be a resident of the United States for a period of at least five years continuously, and of the state, territory, or district in which the application is made for a period of at least one year immediately preceding the date of the filing of his petition, and that they each have personal knowledge that the petitioner is a person of good moral character, and that he is in every way qualified, in their opinion, to be admitted as a citizen of the United States."

Section 5 of the same act reads as follows:

"That the clerk of the court shall, immediately after filing the petition, give notice thereof by posting in a public and conspicuous place in his office, or in the building in which his office is situated, under an appropriate heading, the name, nativity, and residence of the alien, the date and place of his arrival in the United States, and the date, as nearly as may be, for the final hearing of his petition, and the names of the witnesses whom the applicant expects to summon in his behalf; and the clerk shall, if the applicant requests it, issue a subpoena for the witnesses so named by the said applicant to appear upon the day set for the final hearing, but in case such witnesses cannot be produced upon the final hearing other witnesses may be summoned."

The appeal was argued and submitted at a former term of the court and a decision postponed until the Supreme Court should decide certain questions certified by this court in the case of the United States v. Solomon Louis Ginsberg, 243 U. S. 472, 37 Sup. Ct. 422, 61 L. Ed. 853. On the 9th of April, 1917, the last-named case was decided, and it was there held that a certificate of citizenship may be set aside and canceled in an independent suit brought under section 15 of the act of June 29, 1906 (Comp. St. 1916, § 4374), and that the presentation of a petition for naturalization on final hearing in open court and the hearing thereof subsequently passed to and finally held in the chambers of the judge adjoining the courtroom, on a subse-

quent day and at an hour earlier than that to which the court had been regularly adjourned, was not a hearing in open court as required by section 9 of said act (Comp. St. 1916, § 4368). It was further said:

"An alien who seeks political rights as a member of this nation can rightfully obtain them only upon terms and conditions specified by Congress. Courts are without authority to sanction changes or modifications; their duty is rigidly to enforce the legislative will in respect of a matter so vital to the public welfare. * * * No alien has the slightest right to naturalization unless all statutory requirements are complied with; and every certificate of citizenship must be treated as granted upon condition that the government may challenge it, as provided in section 15, and demand its cancellation unless issued in accordance with such requirements. If procured when prescribed qualifications have no existence in fact, it is illegally procured; a manifest mistake by the judge cannot supply these nor render their existence nonessential."

We think, in view of the above language and decision, that we must hold that the substitution of the witness Gulliksen in place of the witness Charles Warren under the circumstances detailed in the complaint was such a departure from the requirements of the law as to cause the certificate of naturalization which resulted to be illegally procured. United States of America v. Ginsberg (April 9, 1917) 243 U. S. 472, 37 Sup. Ct. 422, 61 L. Ed. 853; In re Aprea (C. C.) 158 Fed. 702; In re Welsh et al. (C. C.) 159 Fed. 1014; In re Wolf (D. C.) 188 Fed. 519; United States v. Martorana, 171 Fed. 397, 96 C. C. A. 353.

The judgment below, therefore, is reversed, and the case remanded, with directions to overrule the motion to dismiss and allow the defendant to answer the complaint, if he shall be so advised.