## In re VERBICH.

(District Court, D. Colorado, at Pueblo. August 25, 1924.)

No. 776.

**1. Aliens ⚖==67—Essentials to acquiring jurisdiction to hear naturalization petition stated.**

District Court does not acquire jurisdiction to hear naturalization petition, unless all jurisdictional requirements for filing of petition have been met in complete and exact accord with requirements of the law.

**2. Aliens ⚖==68— One convicted of violating United States laws is disqualified as witness in naturalization proceeding.**

One convicted of violating a criminal law of the United States, especially law having its root in the Constitution itself, is disqualified as witness to moral character of petitioner for naturalization, under Naturalization Act June 29, 1906, § 4, subd. 2, par. 3, and subdivision 4 (Comp. St. § 4352), particularly where violation occurred within five years previous to signing of petition.

**3. Aliens ⚖==68—Bootlegger held not credible witness within naturalization statutes.**

Witness to naturalization petition under Naturalization Act June 29, 1906, § 4, subd. 2, par. 3, and subdivision 4 (Comp. St. § 4352), who had been convicted of "bootlegging" within five years prior to naturalization proceedings, *held* not "credible" witness required by such statutes.

**4. Aliens ⚖==68—Naturalization petition, verified by witness who was not credible, held fatally defective.**

Under Naturalization Act June 29, 1906, § 4, subd. 2, par. 3, and subdivision 4 (Comp. St. § 4352), requiring verification of naturalization petition by at least two credible witnesses, petition verified by two witnesses, one of whom was not credible witness, because previously convicted of bootlegging, was fatally defective.

Petition by George Verbich for naturalization Dismissed, without prejudice to right to refile.

SYMES, District Judge. George Verbich filed petition for naturalization No. 776 in this court on January 6, 1923. The petition was verified by the affidavits of two witnesses, citizens of the United States, to wit, John R. Petrick and Joseph Verbich. The alien appeared in open court with these two witnesses on June 5, 1923, for the purpose of making the proof required to entitle him to naturalization, in accordance with the Naturalization Law (paragraph 3, subd. 2, § 4, Act June 29, 1906, 34 Stat. L. pt. 1, p. 596 [Comp. St. § 4352]), which provides as follows:

"The petition shall also be verified by the affidavits of at least two credible witnesses, who are citizens of the United States, and who shall state in their affidavits * * * that the petitioner is a person of good moral character, and that he is in every way qualified, in their opinion, to be admitted as a citizen of the United States."

Under the fourth subdivision of section 4 is set forth the proof to be adduced at the final hearing:

"In addition to the oath of the applicant, the testimony of at least two [credible] witnesses, citizens of the United States, as to the facts of residence, moral character, and attachment to the principles of the Constitution shall be required."

It appeared from the evidence that John R. Petrick, one of the verifying witnesses, had violated the Eighteenth Amendment to the Constitution of the United States a short time before he appeared as a witness for the said George Verbich, and that he had been convicted of violating the federal statutes made thereunder to enforce the same. Objection is made to the admission of the petitioner on the ground that he is not a credible witness within the meaning of the Naturalization Law.

The question submitted to the court is this: Does the fact that a witness to a naturalization proceeding has been convicted of the crime of "bootlegging" disqualify him under the provisions of the naturalization act; and does this disqualification render the petition fatally defective, and deprive the court of jurisdiction to hear the same?

[1] There is no question that, before this court can acquire jurisdiction to hear a naturalization petition, all of the jurisdictional requirements for the filing of that petition must have been met in complete and exact accord with the requirements of the law. If a witness who verified the petition was unable to meet the requirements of the law at the time the petition is filed, and this disqualification consists of his conviction of a crime in a court of record within five years prior to the date of such petition, the petitioner should be charged with knowledge of the disqualification of the witness, and must bear any consequences which may follow.

The law requires that the petition be verified by the affidavits of two credible witnesses, who are required to testify in open court, at the time of the final hearing, relative to the good moral character of the petitioner. It is upon their testimony largely that the court must rely in satisfying itself that the petitioner is in fact a man of good moral character and that he is attached to the principles of the Constitution of the United States.

[2]. Obviously a witness who has been convicted of violation of a criminal law of the United States, especially a law which has its root in the Constitution itself, cannot be considered by a naturalizing court as such a person as can be relied upon as to the moral character of the petitioner, his disposition to observe the law and his attachment to the principles of the Constitution of the United States. This especially if said witness had been convicted of serious criminal law violation during the period of five years immediately prior to the date on which he signed the petition for naturalization as a verifying witness.

This may appear to be harsh treatment of the petitioner. It must be understood, however, that the alien applying for citizenship is called upon to produce only two witnesses in support of his petition. He has the whole community to choose from. The choice is left entirely to the applicant. If he presents, in support of his petition, witnesses whose credibility is open to most serious doubt, he cannot reasonably be heard to complain if the court refuses to accept the testimony of such witness. It seems reasonable for the courts to require an applicant for citizenship to produce witnesses concerning whose credibility there is no question. In a matter so vital to the welfare of the United States, the courts must require an alien to meet all of the requirements specified by Congress. U. S. v. Ginsberg, 243 U. S. 472, 37 Sup. Ct. 422, 61 L. Ed. 853.

[3, 4] It appears to me as sound that a person who is convicted of violating the Constitution of the United States and law enacted thereunder within five years of the date he appears as a witness in a naturalization proceeding cannot be said to be a credible witness. If he is not credible at the time the petition is filed, one of the statutory requirements of the law has not been met. The petition is fatally defective. The petition does not meet the requirements of the law; neither can the petitioner furnish proof demanded under the statute. If one of the witnesses is thus rendered incredible, he is incompetent to act in a naturalization proceeding. U. S. v. Spohrer (C. C.) 175 Fed. 440; U. S. v. Martorana, 171 Fed. 397, 96 C. C. A. 353; U. S. v. Gulliksen, 244 Fed. 727, 157 C. C. A. 175.

The petition is dismissed, without prejudice to the right to refile.