**In re VASSALL.**

No. 220.

Circuit Court of Appeals, Second Circuit.

Feb. 2, 1931.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Herbert H. Kellogg, Asst. U. S. Atty., of Brooklyn, N. Y., and Donald C. Strachan, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

On October 24, 1928, Lola Nydia Vassall, the appellee, filed her petition for naturalization, accompanied by the usual affidavits of two witnesses, who each swore that they had personally known the petitioner to have resided in the United States continuously for more than five years preceding the date of filing the petition. The preliminary hearing was held pursuant to title 8, § 399a, USCA, before an Examiner of the Bureau of Naturalization, who reported that the petition should not be granted because of an "incompetent witness"; his report being accompanied by an affidavit of Catherine Jones, one of the witnesses, which stated: "I am certain that I had never seen or heard of Miss Vassall prior to December, 1925." December, 1925, was less than three years prior to the date of the petition. There were also admissions in the affidavit of the witness that she herself had been guilty of immoral conduct other than her untruthful statement regarding the length of her acquaintance with

the petitioner. The effect of these other admissions need not be considered.

Upon the foregoing report a hearing was had in open court, the petitioner took the oath required by law and was admitted to citizenship over the objection and with the exception of the United States Department of Labor. The District Director of Naturalization filed his affidavit making the objection that the witness was incompetent in that she did not know the petitioner for a period of five years on the date of the filing of the petition for naturalization and in that she was not a credible witness.

Title 8, § 379, USCA, provides that a petition for naturalization shall be "verified by the affidavits of at least two credible witnesses, who are citizens of the United States, and who shall state in their affidavits that they have personally known the applicant to be a resident of the United States for a period of at least five years continuously * * * immediately preceding the date of the filing of * * * petition. * * *"

The appeal was taken directly from the order granting the petition to be admitted to citizenship. This mode of invalidating a certificate of naturalization is less satisfactory than a direct proceeding for cancellation under title 8, § 405, USCA, because a direct proceeding usually affords better facilities for obtaining a satisfactory record. In either case we have jurisdiction to review the order of admission on appeal. Tutun v. United States (Neuburger v. United States), 270 U. S. 568, 46 S. Ct. 425, 70 L. Ed. 738.

Where it appears that one of the witnesses had not known petitioner for five years before the filing of the petition, the petition was not verified as required by law. United States v. Gulliksen (C. C. A.) 244 F. 727; United States v. Martorana (C. C. A.) 171 F. 397; In re Aprea (C. C.) 158 F. 702; In re Verbich (D. C.) 1 F.(2d) 589; In re Vasicek (D. C.) 271 F. 326. This is because a witness who in her own affidavit has sworn falsely as to the length of time that she had "personally known the applicant to be a resident of the United States" is not a credible witness and has not shown that she had known the applicant for the required period. The right of admission to citizenship is wholly statutory. The provision of the statute requiring the petition to be verified by at least two "credible witnesses" is mandatory and must be strictly complied with. United States v. Ginsberg, 243 U. S. 472, 37 S. Ct.

422, 61 L. Ed. 853; Maney v. United States, 278 U. S. 17, 49 S. Ct. 15, 73 L. Ed. 156.

Upon the record before us, where one of the witnesses recanted by stating that she did not know the petitioner for five years prior to the date of her final application for naturalization, there was evidently a complete failure to comply with the statute which deprived the applicant of the right to admission.

The order is reversed, and the matter remanded, with directions to dismiss the petition.