## UNITED STATES v. RODIEK.

(Circuit Court of Appeals, Ninth Circuit. May 4, 1908.)

### No. 1,503.

ALIENS—NATURALIZATION—DECLARATION OF INTENTION—RESIDENTS OF HAWAII.
The provision of section 100 of the Organic Act of Hawaii (Act April 30, 1900, c. 339, 31 Stat. 161), which authorizes the naturalization as citizens of the United States of persons who had resided in Hawaii for five years prior to its taking effect without a previous declaration of intention, was repealed by the Naturalization Act June 29, 1906, c. 3592, 34 Stat. 596 (U. S. Comp. St. Supp. 1907, p. 419), which establishes a uniform rule of naturalization throughout the United States, repealing all inconsistent acts, and requires a declaration of intention in all cases except of persons who have served in the army or navy.

In Error to the District Court of the United States for the Territory of Hawaii.

Robt. T. Devlin, Frank A. Duryea, and Robt. W. Breckons, for the United States.

Charles F. Clemons, for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge. On March 28, 1907, the defendant in error, a native of Germany, presented to the United States District Court for the Territory of Hawaii his petition for naturalization. He had emigrated to the Hawaiian Islands in April, 1891, and had re-

sided there ever since. He had never, previous to presenting his petition, made declaration of his intention to become a citizen of the United States. The United States district attorney contested the petition on the ground that Act Cong. June 29, 1906, c. 3592, 34 Stat. 596 (U. S. Comp. St. Supp. 1907, p. 419), requires that a declaration of intention shall have been made two years before admission to citizenship. The District Court ruled that such declaration was rendered unnecessary by section 100 of the Organic Act (Act April 30, 1900, c. 339, 31 Stat. 161), and allowed the petition.

The single question presented on the writ of error is whether the court below erred in so ruling. The organic act, providing for a government for the territory of Hawaii, declares, in section 4, that all persons who were citizens of the republic of Hawaii on August 12, 1898, "are hereby declared to be citizens of the United States and citizens of the territory of Hawaii." In section 100 it provides:

"That for the purposes of naturalization under the laws of the United States, residence in the Hawaiian Islands prior to the taking effect of this act shall be deemed equivalent to residence in the United States and in the territory of Hawaii, and the requirement of a previous declaration of intention to become a citizen of the United States and to renounce former allegiance shall not apply to persons who have resided in said islands at least five years prior to the taking effect of this act."

The constitutionality of that section is questioned. The Constitution gives to Congress the power "to establish an uniform rule of naturalization, and uniform laws on the subject of bankruptcies throughout the United States." Although Congress has the power and has exercised it to confer citizenship upon individuals by special acts, or upon acquiring territory formerly belonging to a foreign power to make its people citizens of the United States, or upon the admission of a territory to statehood to make citizens of the residents thereof, the Constitution requires that in adopting a rule of naturalization or a system of procedure, whereby applicants for citizenship may upon their own initiative and the judgment of a court obtain citizenship, the rule of procedure must be uniform throughout the United States. Any special procedure prescribed for any particular district or territory in the United States would be obnoxious to this provision of the Constitution. The provision of the organic act above quoted would seem to be subject to that objection, for it applies only to residents of the territory of Hawaii and to the procedure local to the courts thereof.

But we find in Act June 29, 1906, c. 3592, 34 Stat. 596 (U. S. Comp. St. Supp. 1907, p. 419), the expression of the intention of Congress to repeal the special statute dispensing with the necessity of a declaration of intention in the territory of Hawaii. The title of the act is:

"An act to establish a Bureau of Immigration and Naturalization and to provide for a uniform rule for the naturalization of aliens throughout the United States."

The act, after placing all matters concerning the naturalization of aliens in charge of the Bureau of Immigration and Naturalization under the direction and control of the Secretary of Commerce and La-

bor, proceeds to cover the whole scheme of naturalization, with the few exceptions hereafter to be noted. Section 3 specifies, among the courts to which exclusive jurisdiction under the act is given, the United States District Court for the territory of Hawaii. Section 4 provides that there shall be a declaration of intention made at least two years prior to admission, and provides that an alien may be admitted to become a citizen of the United States in that manner, "and not otherwise." Section 26 expressly repeals sections 2165, 2167, 2168, and 2173 of the Revised Statutes (U. S. Comp. St. 1901, pp. 1329, 1332, 1334), and section 39, c. 1012, of the Statutes at Large of 1903 (Act March 3, 1903, c. 1012, § 39, 32 Stat. 1222), and adds:

"And all acts or parts of acts inconsistent with, or repugnant to the provisions of this act are hereby repealed."

In other words, the section provides for the repeal of all prior rules of naturalization as expressed in the Revised Statutes, except section 2166, which dispenses with a previous declaration of intention after more than one year's residence in the United States, in favor of a soldier honorably discharged from service in the army of the United States, section 2169, which extends the privilege of naturalization to aliens of African nativity and to persons of African descent, section 2170, which provides that no alien shall be admitted to become a citizen who has not resided within the United States five years continuously next preceding his admission. section 2171, which excludes the admission of alien enemies, section 2172, which makes certain provisions for the citizenship of children of naturalized persons, and section 2174, which makes special provision as to admission to citizenship of alien seamen who have served three years on board merchant vessels of the United States.

The defendant in error relies on the rule that a special statute providing for a particular place, applicable to a particular locality, is not repealed by a statute general in its terms and application, unless the intention of the Legislature to repeal or alter the special law is manifest, although the terms of the general act would, taken strictly, and but for the special law, include the case or cases provided for by it, citing Lewis' Sutherland, Statutory Construction, § 275; Rodgers v. United States, 185 U. S. 83, 22 Sup. Ct. 582, 46 L. Ed. 816; Ex parte Crow Dog, 109 U. S. 570, 3 Sup. Ct. 396, 27 L. Ed. 1030; and other cases. But we think that, in the present case, the intention of Congress to repeal the special law is manifest. The title of the act is indicative of the purpose to establish a uniform rule of naturalization throughout the United States. The terms of section 4 explicitly provide that naturalization cannot be had otherwise than by first making a declaration of intention two years prior to admission, and the repealing section of the act expressly repeals all acts or parts of acts inconsistent with or repugnant to its provision. The special act dispensing with the declaration of intention in the territory of Hawaii was clearly inconsistent with section 4 of the act of June 29, 1906. There is no reason to presume that in enacting the later statute Congress intended to make any special provision for the naturalization of residents of Hawaii. They were not a distinct class of residents of the

United States. There was no reason for bestowing special privileges upon them, as in the case of discharged soldiers and seamen, and they were under no disability to make declarations of their intention to become citizens. We think the intention was to adopt a new scheme of procedure in naturalization, and to make it uniform throughout the United States, and to provide for no exception as to any portion or section of the geographical territory subject to the authority given to Congress in the Constitutional grant of power to "establish an uniform rule of naturalization."

The judgment will be reversed, and the cause remanded, with instructions to dismiss the petition.