## IN THE MATTER OF THE PETITION OF ERNST BISCHOF FOR NATURALIZATION.

### October 28, 1911.

*Naturalization—Residence—Member of marine corps, honorably discharged:* Under 28 Stat. 124, an alien who has been honorably discharged from service in the marine corps after having served for the term of one enlistment, may be admitted to citizenship without other proof of residence, such service being taken in lieu thereof.

*Naturalization:* Application under act of July 26, 1894, 28 Stat. 124.

*W. T. Rawlins,* Assistant U. S. Attorney, for the United States.

CLEMONS, J. The petitioner, having served one enlistment in the United States marine corps and having been honorably discharged from service, applied for naturalization, and his vouching witnesses made affidavit to his residence for a term of three years within the Territory of Hawaii. Upon the hearing of the petition, the assistant United States attorney raised the query whether the full five years' residence required in ordinary cases by subdivision "fourth" of section 4 of the naturalization act, 34 Stat. 596, as amended, must not be shown by the affidavit.

Under the practice, as I understand it to have been observed heretofore in similar cases, the statute applying to the navy and marine corps, 28 Stat. 124, has uniformly been interpreted as entitling those who have received an honorable discharge after having served the specified length of time, to admission to citizenship without other proof of residence. See Van Dyne, Naturalization, 110. The statutes enacted for the benefit of those in the service of the army, navy and marine corps were not repealed by the general naturalization act of June 29, 1906, 34 Stat. 596. *Bessho v.*

*United States,* 178 Fed. 245, 247; *United States v. Rodiek,* 162 Fed. 469, 471-472. Although they are in the nature of exceptions to the general naturalization laws, they were intended as a special inducement to those in the army and navy service and should be construed to fully effect the intention. The statute relating to merchant seamen is another provision of the same class. In all of these statutes the intention appears to be to make service the substitute for residence; except that in case of soldiers one year's residence is required instead of the usual five year's residence. Rev. Stat. sec. 2166; Van Dyne, Naturalization, 109-111. The statute in question, 28 Stat. 124, appears, in the final clause thereof, to contemplate all that is required in the way of proof, when it says:

"Any alien of the age of twenty-one years and upward who has enlisted or may enlist in the United States Navy or Marine Corps, and has served or may hereafter serve five consecutive years in the United States Navy or one enlistment in the United States Marine Corps, and has been or may hereafter be honorably discharged, shall be admitted to become a citizen of the United States upon his petition, without any previous declaration of his intention to become such; and the court admitting such alien shall, in addition to proof of good moral character, be satisfied by competent proof of such person's service in and honorable discharge from the United States Navy or Marine Corps."

This is exactly the same as the provision of Rev. Stat. sec. 2166, relating to soldiers, except that it omits any reference to proof of residence. It is thus significant that the statute in question does not say "the court admitting such alien, shall in addition to proof of good moral character, *and residence,* be satisfied by competent proof of such person's service and honorable discharge from the United States Navy or Marine Corps."

So far as the reference to previous declaration of intention is concerned, it seems that this is added merely to remove any doubt of the necessity of such declaration, and

the reference is not the main object of the statute,—which is, to declare what may be taken as a substitute for the usual term of residence.

The prayer of the petition is granted.