## In re TATASEO.

(District Court, W. D. Pennsylvania. March 12, 1924.)

No. 30192.

Aliens ☞68—Applicant for naturalization held not entitled thereto.

One who petitioned for naturalization in January, 1920, and was called to Italy in March 1920, on account of the illness of his mother, who died in December, 1920, when he made application for passport, which was unsuccessful, because quota was full, and continued to live in Italy, and did not sail for this country until October, 1923, was not entitled to naturalization, and cannot complain of order setting aside petition for naturalization for want of prosecution, in view of act Cong. June 29, 1906, § 4 (Comp. St. § 4352), and Rev. St. § 2170 (Comp. St. § 4360).

Application of Donato Tataseo for an order setting aside order of court dismissing petition for naturalization. Application denied.

W. B. McCrory and Morse J. Keller, both of Pittsburgh, Pa., for petitioner.

W. M. Ragsdale, Chief Naturalization Examiner, of Pittsburgh, Pa., for the United States.

THOMSON, District Judge. This is an application of Donato Tataseo for an order setting aside the order of court, heretofore made,

dismissing the petition for naturalization for want of prosecution. The petitioner resided in this country from 1903 until March of 1920. On the 11th of January, 1920, the petitioner filed his application for naturalization, and on the 23d day of March, 1923, the petition for naturalization was dismissed for want of prosecution. As the foundation for the present application, petitioner sets forth that he was called to Italy in March, 1920, on account of the illness of his mother, and that his mother continued ill until December of 1920, when she died; that he made an application in May, 1921, for a passport, but was unsuccessful. Perhaps he made a subsequent application for passport, which was also unsuccessful, he alleges, by reason of the fact that the quota was full. He continued to reside in Italy; he married there; subsequently two children were born. His wife still resides in Italy, and it was not until October of 1923 that he sailed for this country, after an absence of 3 years and 7 months in Italy. The Act of Congress of June 29, 1906, § 4 (Comp. St. § 4352), is very specific, and provides that:

"It shall be made to appear to the satisfaction of the court admitting any alien to citizenship that immediately preceding the date of his application he has resided continuously within the United States five years at least, and within the state or territory where such court is at the time held one year at least."

Section 2170 of the Revised Statutes of the United States (Comp. St. § 4360), held by the Circuit Court of Appeals for the Ninth Circuit in the case of United States v. Rodiek, 162 Fed. 469, 89 C. C. A. 389, not to have been repealed by the Naturalization Act of June 29, 1906, also provides:

"No alien shall be admitted to become a citizen who has not for the continued term of five years next preceding his admission resided within the United States."

These are statutory provisions. Of course, they would have to be construed reasonably, so as to effectuate the purposes which Congress had in view; but to hold that a person is admissible to citizenship who was absent from the country continuously for more than three of the five years next preceding the date on which he seeks admission would appear to be a complete nullification of the provisions of the acts of Congress. A temporary absence under unusual circumstances might well be justified, but not an absence of such long duration under circumstances such as disclosed in this record.

The petition for an order revoking the order heretofore made dismissing the petition for naturalization must therefore be denied. An exception is granted in favor of the petitioner.