## Application of PIASTRO.

(District Court, N. D. California, S. D. March 15, 1927.)

No. 8442.

1. Aliens ⊜⇒68(6)—Question of residence of applicant for naturalization is one of fact. (Naturalization Act 1906, § 4, subd. 4 [Comp. St. § 4352]).

The question of residence is always one of intention, and on application of an alien for naturalization the question of his continuous residence for five years, required by Naturalization Act 1906, § 4, subd. 4 (Comp. St. § 4352), is one of fact, to be determined on its own particular facts and circumstances.

**2. Aliens ⬡62(3)—Temporary absence of alien declarant for 14 months, under contract, carrying United States passport, held not to break continuity of residence.**

The making, under contract, of a concert tour in foreign countries by an alien musician, who had declared his intention to become a citizen, carried a United States passport, and had established a residence, to which he returned after 14 months, *held* not to break the continuity of his residence.

**3. Aliens ⬡68(5)—Testimony of one of petitioner's witnesses that he had changed his mind and thought petitioner would not make a good citizen held not ground for denying citizenship.**

That a witness, who signed one of the two affidavits filed with the petition of an alien for naturalization, testified on the hearing that he had changed his mind and now thought petitioner would not make a good citizen, no reason appearing, except that he owed petitioner money, *held* not ground for refusing to grant petitioner citizenship; his qualifications being shown by two other competent witnesses.

Mischel B. Piastro petitions for naturalization. Petition granted.

Eric J. Rosenstirn, of San Francisco, Cal., for petitioner.

Paul Armstrong, Dist. Director of Naturalization, for the United States.

ST. SURE, District Judge. Mischel Piastro, native of Russia, born in 1891, makes application to be admitted to citizenship. He is a concert violinist, now occupying the position of concert master and assistant conductor with the San Francisco Symphony Orchestra.

Piastro and his wife arrived in the United States on April 2, 1920, and established a residence in New York City. Thereafter three children were born to the union, two in New York and the last one in San Francisco. On February 17, 1922, in New York, pursuant to the Naturalization Law, Piastro filed his application to become a citizen. In June, 1922, after a residence of 2½ years in New York, he made, under contract, a concert tour of the Orient. He carried with him a United States passport, properly viséed and giving his residence as New York. His concert tour ended in August, 1923, when he returned to his home in this country. He remained with his family in New York until June, 1925, when he accepted an invitation of Alfred Hertz to join the San Francisco Symphony Orchestra, since which time he has made his home in San Francisco. On October 6, 1926, he filed the petition under consideration, with Mrs. Louise Bennett and J. Rosenbaum as witnesses.

The district director of naturalization suggests that the petition should be dismissed on two grounds: (1) Because of Piastro's absence from the United States for a period of 14 months during the 5 years immediately preceding the date of filing; and (2) because Mr. Rosenbaum disqualified himself as a witness.

[1, 2] In his brief the district director discusses the many cases construing the language of subdivision 4, § 4, Act June 29, 1906 (34 Stat. 596), being Comp. St. § 4352, and admits that "there is a decided preponderance of authority in favor of the proposition that absence from the United States for a period of 14 months during the 5-year probationary period does not break the continuity of residence." Notwithstanding, we are urged to hold that, "where the absence has been for a year or longer, * * * such absence involves a question of law, not of fact, and there is no jurisdiction in the court to admit the applicant to citizenship." We are unable to adopt such view, because of the language of the statute and the construction thereof by the weight of authority. The question of residence is always one of intention. It is a question of fact, and under existing law each application should be decided upon its own particular facts and circumstances. Those here presented support the most liberal construction.

[3] The remaining ground of objection involves the attitude of witness Rosenbaum at the hearing. When Piastro filed his petition on October 6, 1926, he produced, in compliance with law, two witnesses, Mrs. Louise Bennett and J. Rosenbaum. The affidavit of said witnesses was to the effect that they had known the petitioner personally and continuously since June 30, 1925, and that petitioner was, in their judgment, qualified to become a citizen. The application had been posted for the statutory period of 90 days and was regularly before the court. Mrs. Bennett, Rosenbaum, and Alfred Hertz testified at the hearing. Mrs. Bennett's testimony supported the affidavit. Rosenbaum evinced a hesitation to testify, reluctantly stating that he was mistaken when he swore in the affidavit that he had met petitioner in June, 1925. He said that he had not met petitioner until September, or 3 months later, in the same year. As the petition was not filed until October 6, 1926, Rosenbaum had admittedly known Piastro to have been a resident of this state one year immediately preceding the date of filing, as required by the statute. Rosenbaum further stated that he had changed his mind

about Piastro, and it was now his opinion that Piastro would not make a good citizen. Further testimony showed that this change of heart was occasioned by the fact that Rosenbaum owed Piastro money. Before Christ was born, a Greek philosopher noted a certain weakness in human nature, to wit, that the relationship of debtor and creditor ofttimes produces an unfriendly feeling of the former toward the latter. No other reason was given by Rosenbaum, or otherwise shown, why the petitioner would not measure up to the requirements of the law relating to citizenship.

Mr. Hertz, called as a witness, said that he had known petitioner upwards of 5 years, that he arrived in San Francisco in June, 1925, and he unhesitatingly gave his opinion that Piastro was a person of good moral character and in every way qualified to be admitted as a citizen. There was no substitution of Rosenbaum by Hertz, the latter being merely an additional witness. The proceedings had were in every way regular, and the court is of the opinion that the petitioner should be admitted to citizenship.

It is so ordered.