## In re RINGSTAD.
### No. 81899.

District Court, W. D. Pennsylvania.
March 3, 1930.

Jas. Garfield Houston, of Pittsburgh, Pa., for applicant.

Louis Graham, U. S. Atty., of Beaver, Pa., and Zeno Fritz, Asst. U. S. Atty., of Pittsburgh, Pa.

SCHOONMAKER, District Judge.

Objection is made to the naturalization of Erling Ringstad because it is alleged that his absence from the United States after he filed his petition for naturalization, from November 3, 1928, to December 18, 1929, broke the continuity of his residence in the United States.

The question at issue is the application to the present case of the requirements of section 6(b) of the Act of Congress of March 2, 1929, title 8, section 382, USCA, which are as follows:

Section 6(b) Fourth, (2): "Absence from the United States for a continuous period of one year or more during the period immediately preceding the date of filing the petition for citizenship for which continuous residence is required as a condition precedent to admission to citizenship shall break the continuity of such residence."

The facts of the case in dispute have been agreed upon between the parties. Ringstad was a continuous resident of the United States from August 1, 1923, until he filed his petition for citizenship in this court on September 11, 1928, residing in Allegheny county, Pa. He was an electrical engineer in the employ of the Electric Bond & Share Company of New York City, owning and operating, through numerous subsidiaries, public utilities projects in the United States and foreign countries. On November 3, 1928, that company sent the applicant on a mission to Buenos Aires, South America, to advise electric power companies of the Argentine, in which that company was interested, as to modern methods of installation and operation. He continued in the employ of that company during the entire period of his absence from the United States; his monthly pay check being paid by that company through the Wilkinsburg Bank of Wilkinsburg, Pa., where the applicant maintained a bank account throughout this period. The applicant married a citizen of Allegheny county, Pa., Flora Steiner, on September 18, 1923, and maintained a family home in an apartment at No. 103 S. Braddock avenue, Pittsburgh, where his household effects remained throughout the entire period of his absence in Argentine in the employment of the Electric Bond & Share Company. The applicant contends that that apartment was his residence throughout this whole time, and that the continuity of his residence was not broken.

We hold that the provisions of the Naturalization Act of 1929 quoted above are not applicable to the facts of the instant case, because the absence was not during the period immediately preceding the date of the filing of the petition for citizenship. It will be noted that the statute expressly limits the

application by this provision to absence throughout the period immediately preceding the filing of the petition. It is conceded that this applicant continuously resided in the United States for a period of five years immediately preceding the date of the filing of his application; that he is fully qualified for citizenship, unless the continuity of his residence has been broken since he filed his petition for citizenship on September 11, 1928. To make this provision of the act of Congress apply to the facts of the instant case would be to amend the act of Congress by an order of court, which we have no right to do.

As we view the law, the applicant for citizenship must continuously reside within the United States from the date of his petition up to the time of his admission to citizenship. He presented himself for admission to citizenship on January 17, 1930. Eliminating, therefore, the provisions of the Naturalization Act above quoted, we must determine this case on its own facts. Our conclusion is that the temporary absence of the applicant in South America did not break the continuity of his residence. He had a fixed permanent abode in Pittsburgh which was maintained during his absence. His monthly salary was paid to him at the bank in the county of his residence. The mission upon which he was employed was a temporary one, expected by his employers and by himself to require a period from six months to a year. There is no evidence from which it might be found that he intended to abandon his application for citizenship. He asked for a postponement of the hearing date pending his absence on the business of his employer.

There have been a number of cases prior to the adoption of the Naturalization Act of 1929 which have held that an absence of one year or more under the peculiarities of the particular cases did not break the continuity of residence: Neuberger v. United States, 13 F.(2d) 541 (1926 C. C. A. 2nd Cir.); In re Piastro (D. C.) 18 F.(2d) 147; In re Schneider (D. C.) 19 F.(2d) 404; Hantzopoulos v. United States (D. C.) 20 F.(2d) 146; United States v. Dick (D. C.) 291 F. 420.

The only case we have found involving an absence between the date of the filing of the petition and the date of hearing is the case of In re Tataseo (D. C.) 298 F. 346 (1924), in which it was held that an absence of three years and seven months of the five-year period next succeeding the time of filing his petition broke the continuity of residence. However, Judge Thomson said in that case:

"A temporary absence under unusual circumstances might well be justified, but not an absence of such long duration under these circumstances."

Under the peculiar facts of this case, we see no escape from the conclusion that the absence of the applicant in South America was only temporary; that he was on the business of his employer; that throughout that whole period he maintained his residence in Pittsburgh; and that the continuity of his residence was not therefore broken.

An order may be submitted granting the petition for citizenship.

To this ruling on our part the government excepts, and exceptions noted.