## In re ZAPISECKI.

District Court, D. Massachusetts.
June 16, 1930.

Edward J. Casey, of Boston, Mass., for petitioner.

Henry Nicolls, Dist. Director of Naturalization, of Boston, Mass., opposed.

MORTON, District Judge.

This is a petition for naturalization. It is opposed by the Examiner upon the sole ground that the required residence is not established. In all other respects the petitioner appears to be qualified for admission to citizenship.

The petitioner came to this country from Poland in February, 1924, and shortly afterwards made his declaration of intention. It is conceded that he has been domiciled in this country ever since. He is by occupation a professional athlete, being, it is said, one of the best known wrestlers in the world. Following his occupation, he has, while domiciled here, made three trips abroad for the purpose of giving public exhibitions in various places. He was absent for this purpose from October, 1927, to December, 1928, a period of fourteen months; from December, 1928, to March, 1929, a period of three months; and from March, 1929, to December, 1929, a period of eight months, a total of about twenty-five months in the last two and a half years. During these absences he left all his property here except such personal effects as he took with him on his travels.

Prior to the amendment of March 2, 1929, 45 Stat. 1513, 8 USCA § 382 the petitioner would by reason of his unquestioned continuous domicile here be entitled to admittance. The last sentence of that section reads as follows: "Absence from the United States for a continuous period of one year or more during the period immediately preceding the date of filing the petition for citizenship for which continuous residence is required as a condition precedent to admission to citizenship shall break the continuity of such residence." It is apparent that this language, literally construed, prevents the granting of the present petition. It is, however, contended for the petitioner that the sentence quoted should be construed as relating to the first sentence of the paragraph, "If an individual returns to the country of his allegiance and remains therein," etc., and restricted to such absences. The provision in question is an independent sentence not tied into the preceding part of the section; in clear and unambiguous terms it applies to all absences; to give this provision its literal meaning does not bring about consequences so absurd or unjust that it is patent Congress never intended such a result. I do not therefore feel at liberty to qualify the statute in accordance with the petitioner's contention. If the matter were within my discretion, I should grant the petition. I rule, as a matter of law, that I have no power to do so.

Petition dismissed.