### Petition of TURNER.
### No. 273.

District Court, S. D. Texas, Brownsville Division.

Aug. 6, 1931.

Harry M. Carroll, of Donna, Tex., for petitioner.

Grover C. Warren, District Director of Naturalization, of New Orleans, La., for the government.

KENNERLY, District Judge.

This is a hearing on May 12, 1931, of the petition of Robert Miller Turner, an alien, for naturalization, under chapter 9 of title 8, USCA. The facts, shorn of matter immaterial to the questions involved, are substantially as follows:

Petitioner, an alien, and a subject of Great Britain, and then a minor, entered the United States about September, 1923, with his parents. He became twenty-one years of age, and married, prior to filing, on December 1, 1930, his petition for naturalization. From the time of his entry up to the time of this hearing, he has continuously resided at Donna, in Hidalgo county, Tex., within this district, first with his parents, and later with his wife. He has been actually physically present in Hidalgo county during such time, except that prior to his marriage he was temporarily in the Panama Canal Zone from January 9, 1929, to September 15, 1929. He went to the Canal Zone on a visit, but worked from about February, 1929, for the "Transportation Department of the United States Government" until just before he started upon his return. He was temporarily absent in the Canal Zone, and at no time intended to reside there. All prerequisites to naturalization have been complied with, and no questions are raised by the government as to his right to naturalization, except in the following particulars:

(a) It is claimed that petitioner's temporary stay in the Canal Zone broke the continuity of his required five years' residence in the United States.

(b) It is claimed that there is no proof of his behavior, etc., during this temporary stay in the Canal Zone.

(1) In the argument at the bar and in the briefs filed, much has been said about whether the Panama Canal Zone is a part of the United States, within the meaning of the naturalization laws. I find it unnecessary to determine that question.

(2) Section 361 of title 8, USCA is as follows: "No alien shall be admitted to become a citizen who has not for the continued term of five years next preceding his admission resided within the United States."

It is well settled by the authorities that under this section there may be periods of absence from the United States. Not a change of residence, but periods of absence, such as is here presented. Prior to the Act of March 2, 1929 (45 Stat. 1512) the courts variously construe such periods of absence. In re Conis (D. C.) 35 F.(2d) 960; In re Zapisecki (D. C.) 41 F.(2d) 859; In re Ringstad (D. C.) 41 F.(2d) 753.

But such act fixes the time of a temporary absence in the following language: "Absence from the United States for a continuous period of one year or more during the period immediately preceding the date of filing the petition for citizenship for which continuous residence is required as a condition precedent to admission to citizenship

shall break the continuity of such residence." Section 6(b), 8 USCA § 382.

The period of petitioner's absence was less than one year, and even if, as the government insists, the Canal Zone is not a part of the United States within the meaning of the naturalization laws, petitioner's absence would not serve to break the continuity of his five years' residence prior to the filing of his petition.

(3) This brings us to the second contention of the government that, though it has been shown that petitioner behaved as a person of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the United States, while he was actually present in Hidalgo county, it does not follow that his behavior and disposition while in the Canal Zone was of that character. In other words, the government seems to suspect that while this petitioner may have been Dr. Jekyll in Hidalgo county, Tex., he was Mr. Hyde in the Canal Zone. It is sufficient to say that the good behavior, etc., of petitioner during the required five-year period has been fully shown.

Since this disposes of the only two questions raised by the government, an order will enter, admitting the petitioner to citizenship upon his taking the oath, etc.