## In re ROSENBLEETH.
### No. 2848.

District Court, N. D. Georgia, Atlanta Division.

Feb. 21, 1941.

Harold Karp, of Atlanta, Ga., for petitioner.

James B. Watkins, Naturalization Examiner, of Jacksonville, Fla., for United States.

UNDERWOOD, District Judge.

On the 10th day of July, 1939, Benzion Rosenbleeth, also known as Charles Benzion Rose, filed his petition for naturalization and change of name accompanied by the usual affidavits of two witnesses. These affidavits conformed to the requirements of the law in respect to both form and substance.

One of the witnesses, A. R. DuBard, however, at the preliminary hearing conducted before the Examiner, testified that he had changed his opinion of petitioner since making the affidavit and did not then hold the opinion that petitioner was in every way qualified to be admitted to citizenship of the United States.

Thereupon the Examiner, at the final hearing in open court, on the 29th day of January, 1941, moved the Court to deny said petition on the grounds that the change of attitude of witness DuBard rendered the petition fatally defective for want of two supporting affidavits and that no other witness could be substituted in his place as such witness, and that petitioner had not proved his qualifications for naturalization as required by law.

Upon the issues thus formed, evidence was, in open court on said day, introduced and argument heard. The Court then took the matter under advisement.

At the hearing, the Examiner produced three witnesses, the said DuBard, H. G. Bridges, his partner in business, and E. A. Holcombe, one of his employees, who had previously been employed by petitioner.

Petitioner introduced seven witnesses of good character and standing in the community who had known him the requisite period of time and who testified as to his good character and qualifications for citizenship, which I find were amply established by the evidence in this case.

Witness DuBard, at the time he acted as one of the verifying witnesses to the petition, was employed by petitioner. While in such employ, he decided to establish a business of his own in competition with petitioner, and he and Bridges formed a partnership to conduct said business. DuBard testified that he considered petitioner's customers as his legitimate prospects. He claimed that petitioner made statements to others to the effect that his work was not satisfactory, and that when petitioner was confronted with this charge, he would not deny it or retract the statement and correct it in the presence of those to whom it was made. He also claimed that petitioner paid his said employee, Holcombe, while he was in his employ, to furnish information to petitioner about his business and threatened to destroy it. Bridges' testimony was of somewhat the same character as DuBard's testimony and was of little substance.

Holcombe, as well as petitioner, denied the charge that he had been paid by petitioner while in DuBard's employ and testified that petitioner only said to him that he thought DuBard's business would fail, and if so, for him to come back to petitioner and that he would re-employ him.

The foregoing is substantially all the evidence introduced in opposition to petitioner's naturalization and established no fact which would justify DuBard's change in opinion of petitioner's qualifications for citizenship, but at most, only established his illwill and prejudice due to business competition and differences.

Such evidence as this will not justify a holding that a supporting affidavit, admittedly made in good faith and expressing the then true opinion of the deponent, is ineffective as compliance with the law, nor justify a holding that such affidavit may be withdrawn and no other substituted in its place. Application of Piastro, D.C., 18 F.2d 147.

Such construction of the law would leave a petitioner wholly at the mercy of a professed friend who later became a vindictive enemy. The consequences are too grave, and the hardships too great, to deny citizenship upon such flimsy charges and highly technical construction of the law.

The testimony produced by petitioner fully established his qualifications for citizenship.

Upon taking the oath required by law, an order will be entered admitting petitioner to become a citizen of the United States of America and changing his name to Charles Benzion Rose as prayed in his petition.